## Long vs. DeBevois & Co.

PARTIES: *Waiver, etc.*

Misjoinder of parties plaintiff cannot be taken advantage of in this court, unless the objection was raised in the court below.

APPEAL from *Pulaski* Circuit Court.

Hon. ————, Circuit Judge.

*Gallagher & Newton*, and *Farr*, for appellant.

*Cohn*, contra.

HARRISON, J.:

This was a suit, commenced before a justice of the peace, on a promissory note for $175.68, made by the defendant Henry W. Long, and payable to Chas. Northrop & Co.; and was brought in the names, as plaintiffs, of S. H. DeBevois and Chas. Northrop & Co. With the note was also filed a complaint, in which it was stated, that the firm of Chas. Northrop & Co., was composed of

Chas. Northrop and the said S. H. DeBevois; and that said De Bevois was the successor in business of said firm, and sole owner of the note. The defendant was summoned to answer S. H. De Bevois and Chas. Northrop & Co. From a judgment in favor of the plaintiffs, the defendant appealed to the Circuit Court, where upon a trial by the jury, the plaintiffs again obtained a verdict for the amount of the note.

Without moving for a new trial, or reserving by bill of exceptions, or in any other manner, the evidence, or any question of law, the defendant appealed to this court. He insists here, that the action was not brought in the names of the proper parties; that it should have been in the names of S. H. DeBevois and Chas. Northrop, and not in the names of S. H. DeBevois and Chas. Northrop & Co.

If this might have been a valid objection at any stage of the proceedings, it should have been taken below, whilst such error could have been corrected by amendment; but the defendant having failed to take it there, must be considered as having waived it, and cannot be admitted to raise it for the first time in this court.

The Code, sec. 1100 Gantt's Digest, expressly declares that "a judgment or final order shall not be reversed for an error, which can be corrected on motion in the inferior courts until such motion has been made there, and overruled."

The judgment of the court, below is affirmed.