### STATE ex rel. vs. FEIBLEMAN.

SUPERVISORS AND CIRCUIT CLERKS: *Offices of, not incompatible.*

Millen was appointed and qualified as supervisor; subsequent thereto he accepted the office of deputy circuit clerk. On *quo warranto*, and plea that the duties of the two offices were incompatible and within the prohibition of sec. 2, art. IV of the constitution: *Held*, that the functions exercised by a supervisor are chiefly ministerial, and those of the clerk wholly so, and the discharge of the duties of the two offices, by the same person, are not incompatible or repugnant.

*QUO WARRANTO.*

*T. D. W. Yonley,* Attorney General, for plaintiff.

*Rose & Green,* for defendant.

STEPHENSON, J. The only question presented by the record in this case is, whether Millen, by accepting the office of deputy circuit clerk of Ouachita county, vacated the office of supervisor of said county.

Sec. 2, art. IV of the constitution prohibits, in express terms, persons belonging to one department from exercising the powers properly belonging to another.

The proof in this case shows that Millen, subsequent to his appointment and qualification as supervisor, was appointed, entered upon and discharged the duties of deputy circuit clerk of said county. We are referred by defendant's counsel to *Hutt v. The State*, 2 Ark., 281, and *State Bank v. Curran*, 10 id., 142. In both cases the question arose directly under the provision of the constitution of 1836, which is, in substance, the same as that of the present constitution, above referred to, and it was correctly held that the offices in question were repugnant to it. In the case at bar we do not think such a repugnance can be shown. The offices of supervisor and circuit clerk both belong to the judicial department of the government. The functions exercised by a supervisor are chiefly ministerial, and those of the clerk wholly so.

The term ministerial, when applied to an office, is used to distinguish its duties from those which are strictly judicial; but the duties devolving upon the ministerial office do not the less belong to the department to which, in the natural division of the three great powers of government, they would be assigned.

The wisdom of the rule forbidding persons of one department from exercising the duties of another will not, we presume, be questioned; yet there are many cases which do not fall within this rule, where sound public policy, and a due regard for a fair and impartial administration of justice, require a like prohibition. For example, the same person ought not to exercise the functions of circuit and supreme judge at the same time; or that of justice of the peace and either of the others named, for reasons too obvious to need mention here; but as all these offices belong to the same department of government, there is no constitutional prohibition against their exercise by the same person.

It is not a sufficient answer to the inquiry that the offices

are not repugnant to the constitutionl prohibition.   The framers of that instrument saw fit to prohibit the exercise of the power belonging to one department by a person doing duty n another ; but this negation by no means implies an affirmative right as to all others not embraced in it.   At common law the incompatibility of offices has been clearly defined, and their exercise by the same person prohibited.   Com. Dig., title Office, 6  Doug., 398;  4 Inst., 310;  D. G., 159;  Cro. Ca., 127, 128;  D. G., 332;  197 b., 1 Sid., 305;  2 T. R., 86; see also *Commonwealth v. The Sheriff, etc.*, 4 S. & R., 275.

The proper inquiry in this case is, Are the offices of supervisor and circuit clerk incompatible?   In other words, does the discharge of the duties of the one conflict with the duties of the other, to the detriment of the public good?

The office of circuit clerk is of recent creation, and the duties thereof, with the execution of those as *ex officio* recorder, relate solely to the business of the circuit court, and in no way, that we can now conceive, is the incumbent called upon to minister to the court of supervisors.   We can very readily see how the office of county clerk might be incompatible with that of county supervisor ; for, in that event, the supervisor, acting as clerk, might be called upon to execute his own orders; but the act creating the office of supervisor expressly provides that, in those counties entitled by law to the office of circuit clerk, the county clerk shall be clerk of the supervisors' court.   Acts of 1873, p. 55.

The holding of the two offices by the same person, being neither repugnant to the constitutional prohibition, nor incompatible in themselves, we are of opinion that the duties of both may properly be exercised by the same person.

This conclusion leads us to declare that Millen's acceptance of the office of deputy circuit clerk did not vacate his office of supervisor.   It must follow therefore that, there being no

vacancy, the governor could not appoint Feibleman to the office while Millen was in commission.

Judgment of ouster will be entered.

GREGG, J., dissenting.