OKLAHOMA GAS AND ELECTRIC CO. *v.*
John LANKFORD & Beverly LANKFORD, Individually
and As Representatives of a Class Composed of all
Customers of Oklahoma Gas and Electric Co. in
the State of Arkansas

82-254                                    648 S.W.2d 65

Supreme Court of Arkansas
Opinion delivered March 21, 1983

*Bryan & Fitzhugh* and *House, Holmes & Jewell, P.A.,*
for petitioner.

*Steve Clark,* Atty. Gen., for John G. Holland, Circuit Judge.

*Martin, Vater & Karr,* by: *Charles Karr,* for respondents.

RICHARD B. ADKISSON, Chief Justice. Petitioner, Oklahoma Gas and Electric Company (OG&E), seeks to prohibit the Sebastian County Circuit Court from exercising jurisdiction over a class action suit for declaratory judgment filed by respondents, customers and ratepayers of petitioner. Respondents requested that that part of Ark. Stat. Ann. § 73-217 (Repl. 1979 and Supp. 1981) which allows a utility to collect a requested rate increase under bond be held unconstitutional; that Article 19, Section 13 of the Arkansas Constitution be held not to limit the amount of interest paid to customers on a refund; and that other ancillary relief be awarded. OG&E filed a motion to dismiss, which the trial court denied; this petition for a writ of prohibition followed.

In its petition OG&E argues that the respondents' contentions should have been presented before the Arkansas Public Service Commission (PSC) rather than the circuit court because the PSC has exclusive jurisdiction over matters pertaining to utility rates. We agree and grant the writ of prohibition.

The facts of the case are not in dispute. On May 18, 1980, OG&E filed a notice with the PSC requesting a 17.8 million dollar rate increase. On October 20, 1980, prior to approval of the requested rate increase, OG&E began collecting the increase under bond, a practice authorized by Ark. Stat. Ann. § 73-217. By orders of May 18 and July 20, 1981, the PSC approved a rate increase of 11.9 million dollars and ordered OG&E to refund, with ten percent interest, the difference between the amount approved and the 17.8 million dollar rate being collected. Respondents did not seek to intervene or request a hearing before the PSC but, later, on August 11, 1981, filed an original complaint in circuit court.

We have considered the question of the trial court's jurisdiction in several utility rate cases which are controlling in this instance. In *McGehee* v. *Mid South Gas Co.,* 235 Ark. 50, 357 S.W.2d 282 (1962) McGehee, a stockholder in Mid South Gas Company, filed a complaint in chancery

court attacking the validity of a merger agreement between Mid South and Arkansas Louisiana Gas Company. Mid South moved to dismiss the chancery court case on the ground that the same questions between the same parties were then pending before the PSC. McGehee answered, claiming that the PSC was without jurisdiction to determine the issues raised by the stockholders' suit. The chancery court dismissed the complaint and this court affirmed, holding that McGehee's remedy before the PSC was full, adequate, and complete and, therefore, the chancery court correctly declined to exercise jurisdiction.

In *Commercial Printing Co. Inc.* v. *Ark. Power & Light Co. & Ark. Public Ser. Comm.*, 250 Ark. 461, 466 S.W.2d 261 (1971) the PSC entered a rate order which permitted a utility company to charge a penalty for late payments. No consumer intervenors appealed the PSC order to circuit court within the allotted time, but later Commercial Printing filed an original action in the circuit court alleging that the PSC's order was void because the penalty was discriminatory and usurious. The trial court dismissed, and we affirmed, following our holding in *McGehee, supra.*

Then, in *General Telephone Co.* v. *Lowe,* 263 Ark. 727, 569 S.W.2d 71 (1978) the PSC allowed General Telephone to raise its rates in Texarkana, Arkansas, contrary to a franchise agreement between General Telephone and the City of Texarkana, Arkansas. A class action suit was filed in the chancery court to prohibit the enforcement of the rate increase, thereby bypassing an intervention before the PSC. The chancellor decided the case on the merits. On appeal this court held that a court of equity does not have concurrent jurisdiction with the PSC in public utility litigation when there is a clear, adequate, and complete remedy by an application to the PSC.

Here, under *McGehee, Commercial Printing,* and *Lowe,* respondents had a full, adequate, and complete remedy by intervention in the proceedings before the PSC. At that time the PSC could have ruled on the constitutionality of Ark. Stat. Ann. § 73-217 and the other issues which respondents are now raising. The PSC, in exercising its

exclusive jurisdiction over rate setting, can also pass upon questions of law that are germane and incidental to its legislative acts. *General Telephone Co.* v. *Lowe, supra.*

Writ of prohibition granted.