Ivy LINCOLN and Arkansas Power & Light
Company *v.* ARKANSAS PUBLIC SERVICE
COMMISSION

CA 91-489                                            842 S.W.2d 51

Court of Appeals of Arkansas
En Banc
Opinion delivered November 18, 1992
[Rehearing denied December 16, 1992.]

28

*Ivy Lincoln*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *Edward B. Dillon, Jr.*, for appellant AP&L.

*Paul J. Ward*, for appellee Arkansas Public Service Commission.

*Chisenhall, Nestrud & Julian, P.A.*, by: *Lawrence E. Chisenhall, Jr.*; and *James N. Atkins*, for appellee Oklahoma Gas & Electric.

MELVIN MAYFIELD, Judge. The sole issue involved in this appeal is whether the Arkansas Public Service Commission erred in dismissing appellant Ivy Lincoln's complaint after it found that it was without jurisdiction to grant Lincoln the relief he is seeking. Appellant Ivy Lincoln and appellant Arkansas Power & Light Company (AP&L) separately petitioned for rehearing, contending that Lincoln's petition was within the Commission's jurisdiction. Both petitions were denied, and their separate appeals from those denials have been consolidated in this appeal.

On July 3, 1991, Ivy Lincoln filed a complaint with the Arkansas Public Service Commission, naming as defendants AP&L and "all other public utilities and electric cooperative corporations furnishing electric service in the state of Arkansas." Lincoln requested that the Commission order AP&L and the other defendants to cease their maintenance of exclusive service territories by offering service without regard to any electric service territory boundaries. Lincoln acknowledged that maintenance of exclusive service territories was required by Ark. Code Ann. § 23-18-101 (1987), which provides:

> Notwithstanding any provisions of law or the terms of any certificate of convenience and necessity, franchise, permit, license, or other authority granted to a public utility or electric cooperative corporation by the state or a municipality, no public utility or electric cooperative corporation shall furnish, or offer to furnish, electric service at retail and not for resale in any area allocated by the Arkansas Public Service Commission to another electric cooperative corporation or public utility.

Lincoln argued, however, that this statute should be declared unconstitutional because it creates monopolies, which are disallowed by the Arkansas Constitution.

Lincoln asserted that he has a public right to freedom from state-imposed restrictions on electric service offerings pursuant to Ark. Code Ann. § 23-3-114(a)(1) (1987), which provides that "[a]s to rates or services, no public utility shall make or grant any unreasonable preference or advantage to any corporation or person or subject any corporation or person to any unreasonable prejudice or disadvantage." The defendants' refusal to offer electric service to prospective customers outside their allocated territories, Lincoln argued, creates an unreasonable disadvantage and unfair prejudice to the consumer. Lincoln's complaint requested:

> (1) that the APSC convene a hearing and hear oral argument within 60 days after the filing of this complaint;

> (2) that the APSC find A.C.A. Sec. 23-18-101 unconstitutional under ARK. CONST. art. II, Secs. 19 and 29;

> (3) that the APSC enter an order which abolishes exclusive electric service territories and which frees AP&L, et al, to offer electric service without regard to whether a potential customer is located within the service territory previously allocated to AP&L, et al; and

> (4) all other appropriate relief.

Because Lincoln's complaint questioned the constitutionality of a state statute, defendant and appellee Ozarks Electrical Cooperative Corporation ("OECC") denied that the Commis-

sion had jurisdiction of Lincoln's cause of action. OECC and the other defendants also denied that Lincoln's complaint stated a cause of action and prayed that his complaint be dismissed.

An extensive answer was filed by appellant AP&L, which denied all of the allegations of law and fact upon which Lincoln's complaint was based. AP&L asserted that Lincoln had misinterpreted the word "monopoly" as it is used in the Arkansas Constitution and that the Commission's policies do not result in a "monopoly" within the meaning of the Constitution.

In October 1991, the Commission entered Order No. 1, which dismissed Lincoln's complaint for lack of jurisdiction. The Commission determined that Lincoln's complaint sought an order declaring § 23-18-101 void and unconstitutional, which exceeds the Commission's authority. The Commission stated:

> Complainant asserts that the exclusive service territories created pursuant to this provision are "monopolies" prohibited by the Constitution of the State of Arkansas and that such service territories should be eliminated immediately. It is alleged in the Complaint that if these service territories were eliminated, that Complainant would have available competitive electric utility service at competitive rates. Complainant asserts that pursuant to the Commission's quasi-judicial authority under Ark. Code Ann. § 23-3-119, the Commission "is required, as well as empowered, to decide the constitutionality of utility and co-op practices in light of Complainant's asserted right to a competitive market for electric service.
>
>    . . . .
>
> Complainant invokes the Commission's jurisdiction as primary pursuant to Ark. Code Ann.§ 23-3-119(d) which provides:
>
> > (d) The commission shall then have the authority, upon timely notice, to conduct investigations and public hearings, to mandate monetary refunds and billing credits, or to order appropriate prospective relief as authorized or required by law, rule, regulation, or order. The jurisdiction of the commission in

such disputes is primary and shall be exhausted before a court of law or equity may assume jurisdiction. However, the commission shall not have the authority to order payment of damages or to adjudicate disputes in which the right asserted is a private right found in the common law of contracts, torts, or property.

It is the specific intent of this section to authorize the Commission to adjudicate individual disputes between consumers and the public utilities serving those consumers. In addition to the Commission's quasi-legislative authority, the General Assembly extended the Commission's quasi-judicial authority to adjudicate complaints arising from the public utility statutes, rules and regulations and orders of the Commission. Ark. Code Ann. § 23-3-119(f).

Were the relief requested of a different nature, the Commission might agree that our jurisdiction over this Complaint is primary. However, the relief which Complainant seeks is to have the Commission declare a statute invalid and this relief exceeds the Commission's authority. The Public Service Commission is a creature of the legislature which acts within the powers conferred upon it by legislative act. *Southwestern Bell Telephone Company v. Arkansas Public Service Commission*, 267 Ark. 550, 593 SW2d 434 (1980). As a "creature of the legislature", the Commission's power and authority is confined to that which the legislature confers upon it. The Commission is empowered, in some instances, to interpret the public utility statutes of the state but the General Assembly has not conferred upon the Commission the authority to overrule the General Assembly and act as a super legislature of three. It is not within the jurisdiction of this Commission to declare a properly enacted statute to be invalid and to declare that the Commission will hereinafter ignore the provisions of that statute.

The relief which Complainant seeks can only be obtained through legislative action repealing or amending Ark. Code Ann. § 23-18-101 or through a court with the authority to declare the statute unconstitutional. Therefore, the Commission finds that the Complaint filed in this

Docket on July 3, 1991, should be and hereby is dismissed for lack of jurisdiction.[1]

In response to Order No. 1, Lincoln and AP&L separately petitioned for rehearing. Lincoln contended Ark. Code Ann. § 23-2-423(c)(4) (1991) requires that the Commission first determine whether an order or decision of the Commission violates any laws of the Arkansas Constitution or the Constitution of the United States and, after that determination is made, the Commission's decision is then appealable to the courts.

Although it urged that Lincoln's request for rehearing be denied, AP&L also requested rehearing of Commission Order No. 1. AP&L contended that the Commission's order erroneously focused on the constitutionality of § 23-18-101 in finding it did not have jurisdiction to hear Lincoln's complaint. AP&L argued that, because the major thrust of Lincoln's complaint is an attack on the allocation of electric service areas, which is exclusively within the Commission's jurisdiction, the Commission should have rendered a decision on this issue and then addressed the issue of the constitutionality of § 23-18-101 as incidental to its basic regulatory jurisdiction.

The Commission in Order No. 2 held that neither Lincoln's nor AP&L's arguments were persuasive and denied their petitions. Both parties now appeal the Commission's denial of jurisdiction. We find no error and affirm.

It is well established that courts, and not administrative agencies, are the final arbiters of agency authority. *West Helena Sav. & Loan Ass'n* v. *Federal Home Loan Bank Bd.*, 417 F. Supp. 220, 223 (E.D. Ark. 1976), *aff'd*, 553 F.2d 1175 (8th Cir. 1977). The courts have recognized that administrative agencies, because of their specialization, experience, and greater flexibility of procedure, are better equipped than courts to analyze legal issues

---

[1] The Commission also held in Order No. 1 that, in *Southwestern Elec. Power Co.* v. *Carroll Elec. Coop. Corp.*, 261 Ark. 919, 554 S.W.2d 308 (1977), and *Great Lakes Carbon Corp.* v. *Arkansas Pub. Serv. Comm'n.*, 31 Ark. App. 54, 788 S.W.2d 243 (1990), the validity of § 23-18-101 had been upheld by the Arkansas courts. We note, however, that these cases dealt with the interpretation and application of § 23-18-101 and that the constitutionality of § 23-18-101 was not challenged. Therefore, we do not find them dispositive of Lincoln's complaint.

dealing with their agencies, and this accounts for the limited scope of review of administrative action and the reluctance of a court to substitute its judgment for that of the agency. *Clinton* v. *Bonds*, 306 Ark. 554, 557, 816 S.W.2d 169, 171 (1991).

In denying Lincoln's rehearing petition, the Commission stated that, although the General Assembly has given the Commission broad authority to carry out its rules and regulations, it must conform its policies to that legislation and the Commission has no authority to invalidate an act of the General Assembly. While the Commission acknowledged that it has the authority to rule on the constitutionality of a statute if it is germane and incidental to an ultimate legislative act, it concluded that the relief requested by Lincoln's complaint was purely judicial and not incidental to the Commission's legislative authority.

For his appeal, Lincoln contends that the Commission has the statutory authority to adjudicate his complaint and order electric utilities and cooperatives to stop their practice of offering service only to those customers who are located within their territorial boundaries. Lincoln acknowledges that past Commission policy and the utilities' refusals to compete arise from Ark. Code Ann. § 23-18-101 (1987), which the Commission is charged by law to administer, but argues that the Commission erred in concluding that it did not have the judicial authority to hold this statute unconstitutional. In support of his argument, Lincoln relies on Ark. Code Ann. § 23-3-119(a)(2) and (d) (1987), which provides:

> (2) Any consumer or prospective consumer of any utility service may complain to the commission with respect to the service, furnishing of service, or any discrimination with respect to any service or rates.
>
> . . . .
>
> (d) . . . .The jurisdiction of the commission in such disputes is primary and shall be exhausted before a court of law or equity may assume jurisdiction. However, the commission shall not have the authority to order payment of damages or to adjudicate disputes in which the right asserted is a private right found in the common law of

contracts, torts, or property.

Lincoln also relies on Ark. Code Ann. § 23-2-304(a), which enumerates certain powers of the Commission that include:

(1) Find and fix just, reasonable, and sufficient rates . . . ;

(2) Determine the reasonable, safe, adequate, sufficient service to be observed, furnished, enforced, or employed by any public utility and to fix this service by its order, rule, or regulation;

(3) Ascertain and fix adequate and reasonable standards, classifications, regulations, practices, and services to be furnished . . .

Lincoln asserts that § 23-3-119 gives the Commission subject matter jurisdiction over all consumer complaints. He argues that the Commission's conclusion that determination of his complaint would be an unconstitutional violation of the separation of powers is contrary to the intent of the General Assembly as expressed in § 23-3-119(f)(1) through (3):

(f)(1) It is the specific intent of the General Assembly in enacting the 1985 amendment to this section to vest in the Arkansas Public Service Commission the authority to adjudicate individual disputes between consumers and the public utilities which serve them when those disputes involve public rights which the commission is charged by law to administer.

(2) Public rights which the commission may adjudicate are those arising from the public utility statutes enacted by the General Assembly and the lawful rules, regulations, and orders entered by the commission in the execution of the statutes. The commission's jurisdiction to adjudicate public rights does not and cannot, however, extend to disputes in which the right asserted is a private right found in the common law of contracts, torts, or property.

(3) The commission's quasi-judicial jurisdiction to adjudicate public rights and claims in individual cases is in addition to the commission's traditional legislative authority to act generally and prospectively in the interest of the

public. The quasi-judicial commission authority recognized in this action is a legitimate function and does not, in the judgment of the General Assembly, constitute an unlawful delegation of judicial authority under either the Arkansas Constitution or the United States Constitution.

We disagree with Lincoln's argument that § 23-3-119 gives the Commission jurisdiction to adjudicate all consumer complaints involving a "public right." The public rights that § 23-3-119(f) charges the Commission to administer are those rights "arising from the public utility statutes enacted by the General Assembly and the lawful rules, regulations, and orders entered by the commission in the execution of the statutes." The "public right" Lincoln is seeking to have enforced in the case at bar is competitive electric service. Assuming without deciding that he is entitled to such a right, it is not one that arises from either the "utility statutes enacted by the General Assembly" or the "lawful rules," "regulations," or "orders entered by the Commission." The Commission correctly found that Lincoln's complaint was outside the scope of § 23-3-119.

Nor do we agree with Lincoln's argument that the supreme court's holding in *Ozarks Electric Cooperative Corporation* v. *Harrelson*, 301 Ark. 123, 782 S.W.2d 570 (1990), expands the Commission's jurisdiction under § 23-3-119. In that case, the appellant discovered the appellees' electric meter was defective and billed them for reconstructive charges pursuant to Commission General Service Rule 10C(3)(a). After the appellees refused to pay the charges, the appellant disconnected their service. The appellees filed an action in circuit court seeking to have their service restored. The appellees' action was later transferred to chancery court, which retained jurisdiction on the basis of equitable principles that the appellees owed for estimated usage only. On appeal, the supreme court held that jurisdiction of the appellees' complaint was properly with the Arkansas Public Service Commission. The supreme court noted that § 23-3-119(d) gives the Commission the authority to conduct investigations and public hearings and to mandate monetary refunds, billing credits, or order appropriate prospective relief as authorized or required by law and that jurisdiction of the Commission in such disputes is primary and shall be exhausted before a court of law or equity may assume jurisdiction. The supreme court then

noted that the powers of the Commission include the authority to:

> Ascertain and fix adequate and reasonable standards for the measurement of quantity, quality, pressure, initial voltage, or other conditions pertaining to the supply of all products, commodities, or services furnished or rendered by any and all public utilities; prescribe reasonable regulations for the examination and testing of such production, commodity, or service, and for the measurement thereof, establish or approve reasonable rules, regulations, specification, and standards to secure the accuracy of all meters or appliances for measurement; and provide for the examination and testing of any and all appliances used for the measurement of any product, commodity, or service of any public utility. [Ark. Code Ann. § 23-2-304(a)(3) (1987).]

301 Ark. at 126, 782 S.W.2d at 572. The supreme court concluded that the issue of whether the appellant properly billed the appellees for reconstructive service involved a specific regulation of the Commission and, therefore, fell within the primary jurisdiction of the Commission.

The rights at issue in *Ozark Electric Cooperative Corporation* v. *Harrelson, supra,* dealt with a specific regulation of the Commission. We agree with the Commission's conclusion that the supreme court's holding there cannot be expanded under the fact situation here to give the Commission jurisdiction to declare a statute enacted by the General Assembly unconstitutional. Although the Commission has been given quasi-judicial jurisdiction to adjudicate public rights and claims in individual cases in addition to its traditional legislative authority, that jurisdiction is not so broad as to allow the Commission to make a purely judicial determination and invalidate a statute which the Commission is charged to enforce. The Commission is a creature of the legislature and its duties are primarily legislative and administrative; it is not a judicial body. *Southwestern Elec. Power Co.* v. *Coxsey,* 257 Ark. 534, 536, 518 S.W.2d 485, 487 (1975). When the final act in a given case before the Commission is legislative, the Commission is empowered to determine legal questions which are incidental and necessary to the final legislative act. *Id.* at 536-37, 518 S.W.2d at 487. Here, however, the relief Lincoln seeks is the abolishment of exclusive service

territories which are mandated by § 23-18-101. Lincoln can obtain this relief only by having the General Assembly repeal § 23-18-101 or by having the statute declared invalid, which calls for a judicial determination.

AP&L agrees with the Commission's holding that § 23-3-119 does not extend the Commission's jurisdiction to allow it to declare § 23-18-101 unconstitutional. Nevertheless, AP&L maintains that the primary focus of Lincoln's complaint is not about the constitutionality of § 23-18-101, but instead his request that the Commission reverse its more than fifty-year-old regulatory policy of area allocation and abolish exclusive service territories. AP&L argues that, although § 23-18-101 now requires exclusive service territories for electric service providers, these territories existed prior to its enactment. Therefore, even if § 23-18-101 is found unconstitutional, Lincoln would not necessarily be entitled to competing electric service, because the Commission could still find the exclusive service areas are in the public's best interest. AP&L argues that the issue of whether § 23-18-101 is constitutional need not even be addressed if the Commission finds that its area allocation policies do not violate the Constitution. AP&L concludes that the only sensible course for the Commission to follow in resolving appellant's complaint is to first determine whether the Commission's area allocation policies are prohibited by the Constitution; then, if it concludes that its policies are not constitutional, it should determine the incidental issue of whether § 23-18-101 is constitutional.

The Commission has authority to address constitutional questions which are germane and incidental to a final act over which the Commission's jurisdiction is primary. *See General Tel. Co.* v. *Lowe*, 263 Ark. 727, 730, 569 S.W.2d 71, 73 (1978). Orderly procedure and administrative efficiency demand that the regulatory body be vested with authority to make preliminary determination of legal questions which are incidental and necessary to the ultimate legislative act. *Southwestern Gas & Elec. Co.* v. *City of Hatfield*, 219 Ark. 515, 522, 243 S.W.2d 378, 382 (1951).

■■ We agree with the Commission's finding that the constitutionality of § 23-18-101 is not incidental to Lincoln's complaint. It is undisputed that, in order for appellant Lincoln to

obtain abolishment of exclusive service territories, § 23-18-101, which now mandates such territories, must be declared unconstitutional. While the Commission may have found prior to the enactment of § 23-18-101 that exclusive service territories were in the public's best interest, that determination is no longer relevant because, under § 23-18-101, these exclusive service territories are required. When the General Assembly enacts a statute affecting the powers, duties, or jurisdiction of the Commission, the Commission must conform its policies and regulations to that legislation. *See Southwestern Bell Tel. Co.* v. *Arkansas Pub. Serv. Comm'n*, 267 Ark. 550, 557, 593 S.W.2d 434, 440 (1980).

In the present case, the challenge is not to a specific area allocation order of the Commission but to a statute enacted by the General Assembly which requires such allocation. Notwithstanding the fact that exclusive service areas existed prior to the enactment of this statute, they exist now pursuant to this statute, and Lincoln cannot obtain the relief he is seeking without this statute being repealed or declared unconstitutional. Lincoln challenges the statute on the ground that it violates the anti-monopoly provision of the Arkansas Constitution. Whether this argument contains any merit remains to be decided; however, this question clearly should be decided by the courts, and the Commission correctly denied jurisdiction to decide this issue.

Where an administrative proceeding might leave no remnant of the constitutional question, the administrative remedy should be pursued; however, where the only question is whether it is constitutional to fasten the administrative procedure onto the litigant, the administrative agency may be defied and judicial relief sought as the only effective way of protecting the asserted constitutional right. *Public Utils. Comm'n of Calif.* v. *United States*, 355 U.S. 534, 539-40 (1957).

> In general, administrative officers and agencies may not determine constitutional questions. Accordingly, they have no power or authority to consider or question the constitutionality of an act of the legislature, such as their own enabling legislation, and may not declare unconstitutional the statutes which they are empowered to administer or enforce.

73 C.J.S. *Public Administrative Law & Procedure*, § 65 (1983).

For his second issue, Lincoln argues that the Commission, in denying it had the authority to adjudicate his complaint, violated his right to a certain and complete remedy in the laws. Lincoln asserts that "[a] prospective complainant should be able to read the statutes and determine whether the PSC has jurisdiction." He cites no authority for this proposition but concludes that, because the Commission arbitrarily and capriciously dismissed his complaint, he has been denied a remedy. We disagree. If Lincoln believes that he is being unjustly denied competing electric service because of the existence of § 23-18-101, he can challenge the constitutionality of this statute in a declaratory judgment action.

Affirmed.

COOPER and ROGERS, JJ., concur.