Ivy LINCOLN and Arkansas Power & Light Company *v.*
ARKANSAS PUBLIC SERVICE COMMISSION

92-1387                                            854 S.W.2d 330

Supreme Court of Arkansas
Opinion delivered May 24, 1993

*Ivy Lincoln,* for appellant Ivy Lincoln.

*Mitchell, Williams, Selig, Gates & Woodyard,* by: *E.B. Dillon, Jr.,* for appellant AP&L.

*Paul J. Ward,* for the appellee Arkansas Public Service Commission.

*James N. Atkins,* Oklahoma Gas & Electric Co.; and *Chisenhall, Nestrud & Julian, P.A.,* by: *Lawrence E. Chisenhall, Jr.,* for appellee Oklahoma Gas & Electric Co.

DONALD L. CORBIN, Justice. We granted Arkansas Power & Light Company's petition to review the decision of the Arkansas Court of Appeals affirming the Arkansas Public Service Commission. *Lincoln v. Arkansas Pub. Serv. Comm'n,* 40 Ark. App. 27, 842 S.W.2d 51 (1992). The opinion of the court of appeals addressed a single issue — did the Arkansas Public Service Commission (PSC) err in dismissing a complaint for lack of jurisdiction to declare unconstitutional a statute it is required to enforce? Despite AP&L's allegation to the contrary, that is the only issue we need address on review.

Ivy Lincoln filed a complaint with the Arkansas Public Service Commission (PSC) requesting the PSC to order all utilities furnishing electric service in the state to cease their maintenance of exclusive service territories by offering electric service without regard to any electric service territory boundaries. Lincoln recognized such a request was in violation of Ark. Code Ann. § 23-18-101 (1987), but claimed that section 23-18-101 should be declared unconstitutional as violative of our state

constitution's prohibition of monopolies, Ark. Const. art. 2, § 19. The PSC dismissed Lincoln's complaint stating that it lacked jurisdiction to declare section 23-18-101 unconstitutional. Both Lincoln and Arkansas Power & Light Company (AP&L) requested rehearing. Lincoln argued the PSC had jurisdiction to decide his complaint pursuant to Ark. Code Ann. § 23-2-423(c)(4) (Supp. 1991). AP&L argued the PSC overlooked the primary focus of Lincoln's complaint — which AP&L alleged to be an attack on the PSC's allocation of service areas. AP&L claimed that the allocation of service areas is within the PSC's exclusive jurisdiction, therefore the PSC should have determined that issue, and then addressed the constitutional issues incidental to the PSC's basic regulatory jurisdiction. The PSC denied both requests for rehearing. The court of appeals affirmed the PSC's actions, stating that Lincoln's complaint was not a challenge to a specific service area allocation order of the PSC, but a challenge to a statute requiring the PSC to make such allocation and Lincoln could not obtain the relief he sought without the statute being repealed or declared unconstitutional. Thus, as the constitutional issue was the focus of Lincoln's complaint, the court of appeals concluded there was no other issue to which the constitutional issue was incidental and the PSC was correct in dismissing for lack of jurisdiction on that basis.

In its supplemental brief to this court on petition for review, AP&L asserts four points of error in the court of appeals' decision. We find no merit to AP&L's arguments. We find very little room for improvement of the court of appeal's opinion and affirm.

We consider AP&L's first and last points of error together, as they are closely related. First, AP&L argues the court of appeals erred in holding the issue of constitutionality of section 23-18-101 as the essential, non-incidental element of the complaint. Last, AP&L claims that in order for Lincoln to be given the relief he requests, the PSC must engage in "legislative acts" such as cancelling or amending hundreds of Certificates of Convenience and Necessity (CCN), and awarding a new CCN to allow for a competing utility. These "legislative acts" are within the PSC's exclusive jurisdiction and AP&L therefore claims that it is the constitutionality of section 23-18-101 that is incidental to the "legislative acts," and not vice versa as the PSC and the court

of appeals determined.

■ Quite simply, AP&L misreads Lincoln's complaint. The complaint seeks the abolition of exclusive service territories by way of a declaration that such territories are unconstitutional. It seeks nothing more, despite AP&L's vehement allegation to the contrary. As the complaint was written and filed with the PSC, the constitutional issue is the *only* issue to be decided. Whether any "legislative acts" are ultimately required to *implement* the relief requested in the complaint, if indeed such relief were granted, is irrelevant to the question of whether there is *jurisdiction* to determine the statute's constitutionality. Both the PSC and the court of appeals were correct in concluding that the constitutional issue is the essential or non-incidental issue of this case.

As its second assignment of error to the court of appeals, AP&L contends the decision is contrary to a decision of this court, *Oklahoma Gas & Elec. Co. v. Lankford*, 278 Ark. 595, 648 S.W.2d 65 (1983). In *Lankford*, this court granted a writ prohibiting a circuit court from exercising jurisdiction over a class action ratepayers' suit. The class sought, among "other ancillary" matters, a declaration that part of the statute allowing a utility to collect a rate increase under bond was unconstitutional. This court granted the writ of prohibition because the class had a full, adequate, and complete remedy at the administrative level, but it failed to exhaust that administrative remedy before seeking judicial relief in the circuit court. The class could have intervened in the proceedings before the PSC wherein the utility requested the challenged rate increase and presented all of its claims there rather than in circuit court. *Lankford*, 278 Ark. at 597, 648 S.W.2d at 66. Therefore, the plaintiffs in *Lankford* were not allowed to seek judgment on a constitutional issue in a trial court prior to exhausting their available administrative remedies. *Id.*

The situation presented in *Lankford* is not similar to the situation presented in the current case. Unlike the plaintiffs in *Lankford*, there is no administrative remedy available to Lincoln. There is simply no administrative procedure available in which he can seek a declaration from the PSC that a statute it is required to enforce is unconstitutional. If such a remedy were available, it

would exist in violation of the doctrine of separation of powers.

*Lankford* is distinguishable from the present case in two respects. First, in *Lankford*, the plaintiffs had an administrative remedy available to them, Lincoln does not. Second, Lincoln asserts only one claim — a declaration of a statute's constitutionality — while the plaintiffs in *Lankford* asserted other claims in addition to the constitutional one. Thus, after careful consideration of the two cases, it is evident that the holding of the court of appeals that Lincoln may seek declaratory judgment in circuit court does not conflict with *Lankford.*

As its third assignment of error, AP&L contends the court of appeals failed to recognize Lincoln's reliance upon "other regulatory statutes administered by the PSC" and his prayer for relief that the PSC cancel any exclusive CCN issued over the last 50 years. The court of appeals did not fail to recognize any statutes upon which Lincoln relied. The court of appeals considered Lincoln's argument as to Ark. Code Ann. §§ 23-2-304, 23-2-423, 23-3-114, 23-3-119, and 23-18-101 (1987 & Supp. 1991). *Lincoln,* 40 Ark. App. at 34-38, 842 S.W.2d at 53-57. AP&L does not cite a particular statute that was overlooked and we are unaware of any. In fact, the opinion gives a very careful and well-reasoned answer to every argument made by both Lincoln and AP&L. We have nothing to add to the court of appeals' opinion in this respect. There is simply no merit to this contention.

There is also no merit to the contention that Lincoln's complaint requested that all exclusive CCNs issued in the pst 50 years be terminated. The complaint did request that all exclusive service areas be abolished and that the statute requiring exclusive service areas be declared in violation of the constitutional prohibition of monopolies. If, in order to grant the complaint's request, it is necessary to terminate all CCNs, that is an issue that may be developed at the trial court level. However, such action in cancellation of the CCNs is not a direct request of the complaint. This argument is essentially the same as the first argument AP&L made regarding the "legislative acts" being necessary to achieve the requested relief. As we have disposed of this argument previously, we do not address it any further here.

Lincoln asserts a claim founded solely on a state constitutional right to be free from a monopolistic market in the

supply and demand of electric service. Other jurisdictions have held that a claim asserted solely on a constitutional right is singularly situated in a judicial forum rather than an administrative forum, *Downen* v. *Warner*, 481 F.2d 642 (9th Cir. 1973), and that no administrative tribunal has authority to declare unconstitutional the act which it is called on to administer, *Buckeye Indus.* v. *Secretary of Labor*, 587 F.2d 231 (5th Cir. 1979); *First Bank of Buffalo* v. *Conrad*, 350 N.W.2d 580 (N.D. 1984). In fact, the Supreme Court has stated that adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of administrative agencies. *Johnson* v. *Robison*, 415 U.S. 361 (1974). We agree with such holdings as they follow the doctrine of separation of powers. Therefore, we hold that while an administrative agency is vested with quasi-judicial powers to determine some incidental questions of law, and while that agency receives great deference from judicial forums in its areas of exclusive jurisdiction, issues based solely on constitutional claims are not within the agency's jurisdiction.

The decision of the Arkansas Court of Appeals is affirmed.

HAYS, J., not participating.