The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75502
Dear Senator Dowd:
This is in response to your request, on behalf of the Miller County Circuit/Chancery/Juvenile Clerk, for an opinion on four questions regarding the filing of "child support" actions in juvenile court, and whether filing fees should be charged when the attorney for the Miller County Child Support Enforcement Unit files such actions. Your four questions are paraphrased below and answered in the order posed.
 1. Is the jurisdiction for the filing of a child support collection case in the chancery courts of this state, juvenile division, or simply in chancery court?
 2. Under the circumstance as stated hereinabove, is the clerk required to collect a filing fee for the filing of such cases, or should she refuse to file them, or perhaps file them in the chancery court?
 3. What impact does Act 468 of 1993 have on this fact situation?
 4. The clerk is also under a standing order of the four sitting circuit/chancery judges as to the assignment of cases among them. To whom should the clerk assign the petitions described hereinabove which appear to be for the sole purpose of collecting child support, but which are designated as being in the Chancery Court of Miller County, Arkansas, Juvenile Division?
In addition to your initial opinion request, you have forwarded subsequent correspondence adding additional information and requesting that my opinion be a comprehensive one to give direction to all the clerks and child support collection units throughout the state.
In response to your first question, I must note that a case seeking the enforcement of child support may arise in more than one way. The most direct way is under A.C.A. § 9-14-105 (Supp. 1991). Subsection (a) of this statute provides that "The chancery courts in the several counties in this state shall have exclusive jurisdiction in all civil cases and matters relating to the support of a minor child or support owed to a person eighteen (18) or older which accrued during that person's minority." Jurisdiction of these actions is therefore exclusively in the chancery court.[1] The juvenile court does not have original jurisdiction of cases filed pursuant to A.C.A. §9-14-105.
Similarly, jurisdiction of an action filed pursuant to the "Uniform Reciprocal Enforcement of Support Act," or "URESA", is vested in the chancery court. A.C.A. § 9-14-310.[2]
Original jurisdiction of such cases, therefore, is in the chancery court and not the juvenile division of chancery court.
It should be noted, however, that the juvenile division of chancery court has exclusive jurisdiction of "URESA" actions which arise during the pendency of proceedings (such as dependent-neglect, delinquency proceedings, families in need of services proceedings) over which the juvenile court has original jurisdiction. A.C.A. § 9-27-306(b)(3). A juvenile court would therefore have jurisdiction to determine a "URESA" action if it arose within another proceeding properly pending in juvenile court. The same is true for other types of support matters arising in juvenile court. In this regard, A.C.A. §9-27-346[3] provides as follows:
 If it appears at the adjudication or disposition hearing in any case brought under this subchapter [the juvenile code] that the parents or any other person named in the petition who are by law required to provide support for the juvenile are able to contribute to the support of the juvenile the court may issue an order requiring such person to pay a reasonable sum for the support, maintenance, or education of the juvenile to any person, agency, or institution to whom custody is awarded.
Thus, in any original proceeding which is properly brought in the juvenile court, the court may make an additional order requiring support. Such cases might arise in dependent — neglect actions, delinquency actions, family in need of services actions, or proceedings for establishment of paternity, custody, visitation, or support of a juvenile alleged to be illegitimate.[4]See A.C.A. § 9-27-306(a).
The answer to your first question, therefore, is that original jurisdiction for a "child support" action is in chancery court. The juvenile division of chancery court, however, has jurisdiction of support matters which arise during the pendency of juvenile court cases.
Your second question inquires about the necessity of charging a filing fee in the cases described above. Because your request indicates that the filings of an attorney for a local child support enforcement unit prompted these questions, I will address the fees required to be charged with reference to the filings of these persons.
In my opinion there is no filing fee exemption for attorneys for local child support units when they file actions pursuant to A.C.A. 19-4-105 in the chancery court. The filing fees normally taxed in such actions would therefore attach in such cases. No fees are chargeable, however, for "URESA" actions filed in chancery court by these attorneys if they are "acting on behalf of the [state] Child Support Enforcement Unit." See A.C.A. §9-14-215.[5]
There is a statute in the juvenile code, however, which exempts certain entities from the payment of filing fees in juvenile court. Section 9-27-310 (e) provides that:
 No filing fees shall be charged or collected by the clerk in cases brought in the juvenile division of chancery court by a governmental entity or nonprofit corporation, including but not limited to the prosecuting attorney or Department of Human Services.
Thus, if the attorney for the local child support enforcement unit has filed a proceeding in juvenile court over which the juvenile court has original jurisdiction, and the establishment or enforcement of support is an incidental issue arising in such case, no fees are chargeable in such cases. In my opinion the attorney for a local child support enforcement unit is, in all likelihood, filing on behalf of a "governmental entity" and is entitled to the exemption. Act 927 of 1993, amending A.C.A. §9-14-210, provides that attorneys employed by a county, prosecuting attorney, or local child support enforcement unit pursuant to a cooperative agreement with the Child Support Enforcement Unit shall represent the interests of the Department of Human Services or the Child Support Enforcement Unit. Act 927, Section 1. It is my understanding that the attorney in question is so employed. In my opinion, therefore, he represents the state and is entitled to the exemption of A.C.A. § 9-27-310(e) for cases properly brought in juvenile court.
In response to your second question, therefore, a fee is collectable if the action is one filed as an original action under A.C.A. § 19-4-105, in chancery court. No fee is chargeable, however, in "URESA" or "UIFSA" cases filed in chancery court by the attorney for the local unit. Additionally, the clerk should not, pursuant to A.C.A. § 9-27-310(e), collect a filing fee from the attorney when cases are filed in juvenile court. The questions of whether, as a factual matter, the nature of the action is one over which the juvenile court has subject matter jurisdiction, and whether in fact the attorney has the authority to file such actions in juvenile court, are questions to be resolved by the juvenile judge. The circuit clerk does not have the authority to determine such questions or to refuse to file pleadings on such basis. His or her duties in this regard are ministerial. See, e.g., State ex rel. Feibleman,28 Ark. 424 (1873). If the juvenile court determines that jurisdiction is improper, it can dismiss the action, thereby requiring the attorney to file in the chancery court, where a fee will be chargeable.
Your third question inquires as to how Act 468 of 1993 impacts these questions. Act 468 of 1993 repeals the "Uniform Reciprocal Enforcement of Support Act" ("URESA"), and replaces it with the "Uniform Interstate Family Support Act," or "UIFSA," effective August 13, 1993. Original jurisdiction of actions under "UIFSA" is in the chancery court, as is original jurisdiction of soon to be repealed "URESA" actions. Additionally, as under "URESA," no filing fee is collectable from attorneys acting on behalf of the Child Support Enforcement Unit when they file "UIFSA" actions. Act 468, Section 3. Similarly, the juvenile court has jurisdiction of "UIFSA" matters which arise during the pendency of original proceedings in juvenile court. In response to your third question, therefore, Act 468 of 1993 does not have a significant impact on the results of your questions. The results are the same for actions under the soon to be repealed "URESA" and for new actions under "UIFSA."
Your fourth question involves a "standing order" of the four sitting circuit/chancery judges as to the assignment of cases among them. While this office, as a branch of the executive department of government, is not in a position to construe administrative orders of the judiciary relating to the administration of the courts, I will note that the standing order appears to have been adopted in response to A.C.A. § 16-13-605 (Cum. Supp. 1991). Subsection (c) of this statute provides:
 In those judicial districts having more than one (1) judge who is chancery judge or circuit-chancery judge, the judge of the juvenile division and the other chancery or circuit-chancery judges of the judicial district, shall, by agreement, provide for the assignment of cases to their respective dockets. This provision shall not include the assignment of cases over which the juvenile division has original and exclusive jurisdiction.
Under the statute above, the judges may agree to distribute the cases by agreement, except cases over which the juvenile division has "original and exclusive jurisdiction." These types of cases are set out at A.C.A. § 9-27-306(a), with the possible exception of § 9-27-306(a)(3), paternity actions, over which it appears the juvenile court does not have exclusive jurisdiction. SeeBarnes v. Barnes, supra, n. 4. With regard to paternity actions, A.C.A. § 9-10-101 provides for concurrent jurisdiction between the chancery and juvenile courts. The statute provides, however, that the chancery court has exclusive jurisdiction of paternity cases which arise during pendency of original proceedings brought under equity jurisdiction, and the juvenile court has exclusive jurisdiction of paternity cases arising during the pendency of original proceedings brought pursuant to the juvenile code. A.C.A. § 9-10-101(a)(2) and (3). If the paternity action is the original action, then jurisdiction is proper in either court. Barnes, supra. The statute also provides, however, that the judge of the most recently created chancery or circuit-chancery judgeship as of January 1, 1989, shall be the "primary" judge for all cases relating to paternity over which there is concurrent jurisdiction, unless otherwise provided by agreement. A.C.A. § 9-10-101(b)(1). The chancery court and the juvenile division of chancery court shall remain jointly responsible, however, for meeting case processing deadlines required for cases and enforcing support orders in paternity cases. A.C.A. § 9-10-101(c). See also § 9-10-107, as amended by Act 1242 of 1993.
It is my understanding that the local unit attorney characterizes his juvenile court filings as dependent-neglect actions for the primary purpose of establishing paternity incidental to which is the establishment of child support. The juvenile court has exclusive original jurisdiction of dependent-neglect actions, and over paternity matters arising during the pendency of such actions. See A.C.A. § 9-27-306(a)(1) and § 9-10-101(a)(3). If the nature of the actions are thus dependent-neglect actions, the juvenile court has exclusive jurisdiction over them, and they may not be assigned to chancery court. No fee should be charged the attorney for the filing of these actions. The juvenile judge may decide, however, by evaluating a particular pleading, whether exclusive jurisdiction is in juvenile court.
As noted above, the juvenile division also has original concurrent jurisdiction of paternity actions, and no fee is chargeable against the attorney for the filing of such actions in juvenile court. The question of whether the cases filed in juvenile court should or can be reassigned to chancery court, a court with concurrent jurisdiction, under a standing order of the court and in order to meet statutorily imposed deadlines for such cases, thus necessitating the payment of a fee by the attorney, is a question for the court to decide with reference to its standing order and the relevant laws regarding its duties to assign paternity actions.
In specific response to your fourth question, therefore, guidance as to which division of the circuit/chancery court the clerk should assign particular cases should be sought from the judges issuing the standing order. Any construction of the order by this office would amount to mere executive comment on the administrative actions of the judiciary. Actions indicating exclusive jurisdiction in the juvenile court, however, should generally be filed in juvenile court, absent direction otherwise by the judges.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted, however, that the juvenile court judge is also a chancellor, and has a duty to hear § 9-14-105 support actions in his or her capacity as chancellor, "as time permits."See Act 1242 of 1993, Section 3, amending A.C.A. § 9-14-107, effective August 13, 1993, and A.C.A. § 16-13-606 (Cum. Supp. 1991). See also § 16-13-605 as to judicial agreements as to the assignment of cases.
[2] It should be noted that effective August 13, 1993, "URESA" is repealed and replaced by the "Uniform Interstate Family Support Act," or "UIFSA." Original jurisdiction of "UIFSA" cases will also be in chancery court, and the juvenile division of chancery court will have jurisdiction of "UIFSA" cases which arise during the pendency of cases over which the juvenile court has original jurisdiction. See discussion in response to question three, infra.
[3] Act 1152 of 1993, effective August 13, 1993, amends this provision to require the juvenile court to refer the question of support to the Child Support Enforcement Unit, and authorizes the Unit to petition the court to order support and thereafter petition for modification of the order.
[4] It is my understanding that support actions under this provision are normally filed in conjunction with paternity actions, which must be established prior to the establishment of an obligation of support. Although the state of the law on jurisdiction of paternity cases was rendered unclear by some conflicting legislation passed in 1989 (see Acts 272, 294, 725, and 949 of 1989), it appears that since the decision in Barnesv. Barnes, 311 Ark. 287, 843 S.W.2d 835 (1992), it is clear that jurisdiction of such cases is concurrent in chancery court and the juvenile court. In my opinion, Section 9-27-306(a)(3) does not give the juvenile court original jurisdiction of support actions.
[5] Similarly, no fees are chargeable in such cases under the new "UIFSA." See Act 468 of 1993, Section 3.