The Honorable Steve Faris State Senator 29476 Hwy. 67 Malvern, AR 72104
Dear Senator Faris:
This is in response to your request for an opinion regarding House Bill 2376 of the 83rd General Assembly. Specifically, you have asked for an opinion concerning the legality of this bill in light of the constitutional separation of powers doctrine.
RESPONSE
It is my opinion that HB 2376 does not on its face violate the separation of powers required by the Arkansas Constitution. While a separation of powers issue could conceivably arise in the application of the bill, this will require a review of the specific facts and circumstances presented.
House Bill 2376 is entitled "An act to require the Public Service Commission to provide space and reasonable accommodation for an employee of the General Assembly to act as liaison between the PSC and the General Assembly regarding utility issues. . . ." The text of the bill provides as follows:
 Section 1. (a) The Arkansas Public Service Commission shall provide space and reasonable accommodation for an employee of the General Assembly who shall act as liaison between the Arkansas Public Service Commission and the General Assembly with respect to utility issues.
 (b) The Arkansas Public Service Commission shall give the liaison free and unencumbered access to all records, hearings, conferences, and other meetings regarding utility issues.
The bill would presumably afford the liaison access to records and meetings that are not otherwise open to the public under the Arkansas Freedom of Information Act (A.C.A. §§ 25-19-101 et seq.) or under A.C.A. § 23-2-316 (authorizing the Public Service Commission ("PSC" or "Commission") to withhold facts and information from the public when necessary in the interest of the public or in the interest of the utility).
Arkansas's separation-of-powers provisions are set out in Article 4, Sections 1 and 2 of the Constitution:
 § 1. The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.
 § 2. No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
One legal commentator on the separation of powers doctrine has noted that "[a]lthough it is not always clear whether a particular administrative agency should be assigned to the executive department or the legislative department, the Public Serv. Commission has traditionally been treated as a part of the legislative department." Stafford, Separation of Powers andArkansas Administrative Agencies: Distinguishing Judicial Power andLegislative Power, 7 UALR L.J. 279, 343 n. 239 (1984). If indeed the Public Service Commission (PSC) is part of the legislative branch of government, then the separation of powers analysis of HB 2376 may end with that observation. It is fundamental that there must be at least two branches of government involved for a separation of powers issue to arise. Cf. Fireman's Ins. Co. v. Arkansas State Claims Comm'n,301 Ark. 451, 784 S.W.2d 771 (1990) (rejecting the argument that the absence of judicial review in the State Claims Commission system violates separation of powers, following determination that the Claims Commission is "an arm of the General Assembly and the General Assembly has total control over the . . . payment of the `just debts and obligations of the state. . . .'") If the PSC is an arm of the legislature, then it may be concluded that there is no encroachment upon the powers of another branch by virtue of this "liaison" position. When a dispute arises between parties within the same branch, there is no separation of powers issue. Robertson, Spradlin v. Arkansas Ethics Commission: A Hard-Line Approachto Separation of Powers, 48 Ark. L. Rev. 755, 768 (1995), citing Statev. Feibleman, 28 Ark. 424 (1873).
I am not convinced, however, that a court would end the separation of powers inquiry in this instance by simply observing that the PSC is an arm of the legislature. Unlike the Claims Commission at issue in Fireman'sIns. Co., supra, the PSC does not "possess only legislative character" and it is not "subject to review only by the legislature." Arkansas MotorCarriers Ass'n Inc. v. Pritchett, 303 Ark. 620, 624, 798 S.W.2d 918
(1990).[1] While the rate-making function is clearly legislative in character (Southwestern Bell Tel. Co. v. Arkansas Public Serv. Comm'n,267 Ark. 550, 559, 593 S.W.2d 434 (1980) and City of Fort Smith v. Dept.of Public Utilities, 195 Ark. 513, 521, 113 S.W.2d 100 (1938)), the Arkansas Supreme Court has also recognized that the duties of the PSC are "primarily legislative and administrative[.]" Lincoln v. Arkansas Pub.Serv. Comm'n, 40 Ark. App. 27, 842 S.W.2d 51 (1992), aff'd,313 Ark. 295, 854 S.W.2d 330 (1993), citing Southwestern Electric Power Co.v. Coxsey, 257 Ark. 534, 536, 518 S.W.2d 485 (1975). The Commission also has quasi-judicial jurisdiction in certain instances to adjudicate individual disputes. See Lincoln, supra, and n. 2, infra. The fact that orders of the PSC are subject to review by the Arkansas Court of Appeals (A.C.A. § 23-2-423) further distinguishes this agency from an agency such as the Claims Commission which has been departmentalized as an arm of the legislative branch. Fireman's Ins. Co.,supra.
Assuming, then, that the Court would not departmentalize the PSC exclusively as a branch of the General Assembly in its constitutional analysis of HB 2376, it is my opinion that the bill would nevertheless likely withstand facial scrutiny. Under a so-called "usurpation of power" analysis of the bill, the focus would be on the degree of control exercised by one branch over another. See generally Spradlin v. ArkansasEthics Comm'n, 314 Ark. 108, 858 S.W.2d 684 (1993); Op. Att'y Gen. Nos.94-044 and 91-020.[2] The General Assembly cannot, consistent with separation of powers, exercise overruling influence over or otherwise encroach upon or significantly interfere with powers inhering in either the executive or the judicial branch. See generally Chaffin v. ArkansasGame and Fish Commission, 296 Ark. 431, 757 S.W.2d 950 (1988) and Op. Att'y Gen. 91-020. In my opinion, it is not facially apparent that giving a legislative liaison access to records and meetings regarding utility issues authorizes significant interference with essential powers or authority of another branch of government. Legislative acts carry a strong presumption of constitutionality. See generally State v. Ruiz v.Van Denton, 269 Ark. 331, 602 S.W.2d 625 (1980). If it is possible to construe a statute so as to pass constitutional muster, the court will do so. Ports Petroleum Co. v. Tucker, 323 Ark. 680, 916 S.W.2d 749 (1996).
Any doubt on the question of constitutionality must be resolved in favor of the act. Id. These precepts compel me to conclude that there is no constitutional infirmity on the face of HB 2376, given the, in my view, reasonable presumption that simply giving the liaison access to records and meetings will not unduly interfere with any executive or judicial powers of the Commission.
A cautionary note is, however, warranted in my opinion due to the potentially broad scope of the phrase "regarding utility issues." I would have no concern if the bill clearly limited the liaison's access to the Commission's "purely legislative" (City of Fort Smith, supra) rate-making function. There of course is no usurpation where the legislative branch is exercising its own powers. As it stands, however, the bill is potentially much broader in scope, thus opening the way to arguments concerning its constitutionality as applied. The liaison's access to all meetings regarding utility issues could, I believe, depending upon the specific facts, conceivably impinge upon executive or judicial functions. Because the resolution of any such issues will turn on the particular facts, I cannot speculate further in this regard other than to note the potential implications of this broad language.
In conclusion, it is my opinion that there is no clear constitutional conflict on the face of HB 2376. Depending upon how the bill, if enacted, is applied, I can conceive of factual scenarios giving rise to the argument that the legislature is interfering with executive or judicial functions of the PSC. In my opinion, however, the bill is constitutional on its face.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The court in Pritchett cited Fireman's Ins. Co. following its statement that "[t]here are agencies which possess only legislative character granted by the General Assembly. We recently held the legislature can create an agency which is an arm of and subject to review only by the legislature."
[2] It should be noted that the court in Spradlin, supra, declined to employ a "usurpation" analysis of that portion of the ethics act providing for judicial appointment of a member of the Ethics Commission, rejecting the notion of a "blending" of powers in favor of a more strict separation. The case does not, however, in my opinion, portend the court's refusal to employ a "usurpation" approach to HB 2376. Spradlin
involved the judiciary exercising powers (power of appointment) with respect to an executive agency (Ethics Commission) that was "not related to the administration of justice and . . . not part of the judicial department of government." 314 Ark. at 113, 116. The case thus lent itself to a strict separation of powers analysis, based upon the distinct departments involved. The court was also no doubt influenced by the fact that while, in the words of the court, it "may tolerate some blurring of lines between the legislative and executive departments," it has been "very protective of the barrier surrounding the judicial department."Id. at 115.
By way of contrast, HB 2376, as noted above, involves an agency that is not easily departmentalized for separation of powers purposes. Nor, in my view, does the bill implicate the judicial department to an extent that the court would be inclined to adhere to the rigid "formalist approach" (Robertson, supra, 48 Ark. L. Rev. at 768) reflected in Spradlin. The PSC is not a judicial body. Cullum v. Seagull Mid-South, Inc., 322 Ark. 190,194, 907 S.W.2d 741 (1995). Although the PSC exercises "quasi-judicial" authority (see, e.g., A.C.A. § 23-3-119, regarding adjudication of complaints), this authority is an extension of or incidental to the Commission's legislative rate-making authority. See Cullum and Lincoln,supra. These distinguishing factors in my opinion point to the validity of determining whether HB 2376 constitutes a usurpation by the General Assembly of power rightly belonging to another branch.