BEARD *v.* BEARD.

4-7442                                    183 S. W. 2d 44

Opinion delivered November 6, 1944.

*K. T. Sutton,* for appellant.

*Jo M. Walker,* for appellee.

McFADDIN, J. This appeal must be decided on matters of procedure.

Appellant has sought to appeal from a decree of the chancery court concerning monthly payments of maintenance. The record contains only the pleadings and decree.

I. *Absence of the Evidence.* At the threshold, appellant is met with a motion to affirm because of the absence of evidence; and appellant does not deny that the chancery court heard oral evidence before rendering the decree. Since none of the evidence is in the transcript, and the decree does not purport to incorporate the evidence upon which the case was heard, we must, under

the long-established rule, indulge the presumption that the testimony heard by the chancery court sustained the decree. *Jones* v. *Mitchell*, 83 Ark. 77, 102 S. W. 710; *Beecher* v. *Beecher*, 83 Ark. 424, 104 S. W. 156; *Murphy* v. *Citizens' Bank of Junction City*, 84 Ark. 100, 104 S. W. 187 and 934; *Whatley* v. *Whatley*, 205 Ark. 748, 170 S. W. 2d 600; also, other cases in West's Ark. Digest, "Appeal and Error," § 907 (4). We then examine the record to see if any reversible error appears on the face of the decree.

II. *Exhausting Relief in the Lower Court.* That portion of the decree, of which appellant here complains, reads:

"The defendant, C. J. Beard, is released from all further monthly payments, and the rent to be paid plaintiff fixed at $72 per year, and the same is due December first of each succeeding year."

Appellant says in her brief:

"This appeal seeks an interpretation of an order of the Phillips chancery court."

Thus, appellant is asking this court to interpret the decree of the chancery court and establish what it means. If the order means that Charles J. Beard is relieved only from future payments (*i.e.*, due after the order), then appellant is not complaining. If the order means that Charles J. Beard is relieved from all past-due payments, as well as future payments, then appellant is aggrieved.

This request to the Supreme Court for an interpretation of an order of the chancery court is not an appeal. In 30 Am. Jur. 834, in discussing the interpretation of judgments, the rule is stated:

"The mere interpretation of a judgment involves no challenge of its validity."

It is only when a person is definitely aggrieved that there can be an appeal. Appellant should have moved the chancery court to make clear the order, and then, if aggrieved, the appellant might have appealed. A party

who conceives himself aggrieved must move the court to correct the same before he has any standing in this court.

Section 2783 of Pope's Digest is § 2174 of C. & M. Digest, and § 1233 of Kirby's Digest, and § 886 of the Civil Code, and reads:

"A judgment or final order is not to be reversed for an error which can be corrected on motion in the inferior courts until such motion has been made and there over-ruled."

Some of the cases construing this section are: *Miners' Bank of Joplin* v. *Churchill*, 141 Ark. 211, 216 S. W. 965; *Boone County Bank* v. *Byrum*, 68 Ark. 71, 56 S. W. 532; *Long* v. *De Bevois*, 31 Ark. 480. These cases point out that the lower court must be given an opportunity to correct a supposed error before the Supreme Court will entertain jurisdiction. Appellant by timely motion to the chancery court should have pointed out the alleged ambiguity in the order, and given the chancery court an opportunity to clarify the order. Then if the appellant be still aggrieved, there would be the right of appeal.

Since the remedy in the chancery court has not been exhausted, this appeal must be dismissed.