Richard Robert FALBO and
Linda Lou FALBO *v.* Wendell HOWARD et al

80-178                                    607 S.W. 2d 369
Supreme Court of Arkansas
Opinion delivered November 10, 1980

*Sanford, Pate & Marschewski,* by: *Jon R. Sanford,* for appellants.

*Monroe L. Bethea,* for appellees.

RICHARD L. MAYS, Justice. When Robert and Linda Falbo, appellants herein, learned that an infant child of whom they had recently obtained custody as foster parents from the Arkansas Division of Social Services was going to be removed from their home and placed with Stephen and Judy Schlobohm for adoption, they promptly filed a petition for adoption of the child with the Pope County Probate Court. Nine days later the Scholobohms filed a petition to intervene in the Falbos' adoption proceedings and a petition for adoption, attaching a consent to adoption signed by Ivan Smith, the child's legal guardian and a representative of Arkansas Social Services. After a joint hearing on the consolidated petitions, the probate court dismissed the petitions and restored the child to the custody of Arkansas Social Services. From that consolidated order, the Falbos appeal and the Arkansas

Social Services cross-appeal. We affirm on appeal and dismiss the cross-appeal of Arkansas Social Services.

A probate court may grant a petition for adoption if it determines at the conclusion of a hearing that the required consents have been obtained or excused and that the adoption is in the best interest of the child or individual to be adopted. Ark. Stat. Ann. § 56-214(c) (Supp. 1979). If the requirements for an adoption decree are not met, the court shall dismiss the petition and determine the person to have custody of the child. Ark. Stat. Ann. § 56-214(d) (Supp. 1979). The court has broad discretion in awarding custody of a minor child, and its decision will not be reversed on appeal in the absence of gross abuse. *Adams* v. *Adams*, 224 Ark. 550, 274 S.W. 2d 771 (1955); *Knight* v. *Deavers*, 259 Ark. 45, 531 S.W. 2d 252 (1976).

Although the appellants did not obtain the required consent to their proposed adoption from their foster child's legal guardian, the Arkansas Social Services, or allege in their adoption petition that consent should be excused, they complain on appeal because the probate court dismissed their petition. Since there was testimony below that the Arkansas Social Services would not approve or consent to an adoption of a normal, healthy infant, such as child here, by parents over the age of 34, as were the Falbos, appellants contend that the Arkansas Social Services exceeded its statutory authority by arbitrarily establishing an age limit for prospective adoptive parents. In effect, they argue for the first time on appeal that consent should have been excused by the probate court because the Arkansas Social Services unreasonably withheld its approval to their proposed adoption. Having failed to raise the consent issue in their pleadings, however, appellants not only fell short of establishing a prima facie case for adoption, but, since the issue was not raised below, they cannot now raise the issue on appeal. *Hendrix* v. *Hendrix*, 256 Ark. 289, 506 S.W. 2d 848 (1974).

Appellants also argue that the chancellor's decision to return the custody of the child to Arkansas Social Services was not in the best interest of the child. Appellants buttress

this contention by referring to evidence which emphasizes the suitability of their home and the likelihood that relocation of the child would cause some temporary adjustment problems. Fully crediting the facts relied upon by appellants, and finding no need to state all of the facts which might have influenced the chancellor's decision, we find no merit in appellants' contention. The chancellor heard substantial testimony that the interest of an infant child would be best served by placement in a home with children close to the infant's age and parents younger than the Falbos. Since restoring the child to the custody of the Arkansas Social Services would provide an opportunity to place the child in a more suitable home, we are unable to say that such a decision was not in the best interest of the child.

The Arkansas Social Services also seeks to cross-appeal from the decision of the chancellor dismissing the adoption petition of Stephen and Judy Schlobohm because of improper venue. Although we have reservations about the legal propriety of the chancellor's dismissal, we find no basis to reach the issue without an appeal by the Schlobohms. Since Arkansas Social Services did not petition the court for adoption of the child, it has no standing to appeal from the order dismissing the petition for improper venue.

Affirmed on appeal and dismissed on cross-appeal.