FIRST NATIONAL BANK of DeWitt *v.* Stacia YANCEY

CA 91-82                                            826 S.W.2d 287

Court of Appeals of Arkansas
Division II
Opinion delivered December 26, 1991

*John Joplin*, for appellant.

*Jones & Petty*, by: *John Harris Jones*, for appellant.

JOHN E. JENNINGS, Judge. Godfrey Thomas died in 1982. His will provided that one-sixth of a farm which he owned in Arkansas County would be held in trust for the benefit of his daughter, Elizabeth Ann Yancey. The appellant, First National Bank of Dewitt, was named as trustee. Mr.Thomas' will provided that the net income from the trust was to be paid at least annually to his daughter and, at her death, to his granddaughter, Stacia LeNeau Yancey.

The trustee leased out the land on a sharecrop basis and, as a matter of practice, paid the net income to Elizabeth Yancey as soon as it could be calculated after the calendar year.

Elizabeth Yancey died on August 6, 1989. On the date of her death there were crops growing in the field and the net income for the year 1989 had been neither calculated nor paid.

This action was brought by Stacia Yancey, through her guardian, to determine the extent of her interest in the net income from the trust for the year 1989. The trial court held that Stacia Yancey was entitled to receive all of the net income from the trust for that year. The bank has appealed contending that the probate court should have apportioned the annual income between the successor beneficiary and the deceased beneficiary's estate, citing, along with other authority, *Wineland* v. *Security Bank & Trust Co.*, 238 Ark. 625, 383 S.W.2d 669 (1964). Stacia Yancey notes that the estate of Elizabeth Yancey has not appealed and argues, in substance, that the bank lacks standing to do so. Because we agree with the appellee, we do not reach the merits of the issue raised by the bank.

■ It is the general rule that a trustee, acting in its representative capacity, cannot by an appeal litigate the conflicting claims of beneficiaries. *See In re Ferrall's Estate*, 33 Cal.2d 202, 200 P.2d 1 (1948). He lacks standing to do so. IIA Austin W. Scott & William F. Fratcher, *The Law of Trusts* § 183 (4th ed. 1987); *Bryant* v. *Thompson*, 128 N.Y. 426, 28 N.E. 522 (1891). Our courts have recognized the concept of "standing to appeal." *See Arkansas State Highway Comm'n* v. *Perrin*, 240 Ark. 302, 399 S.W.2d 287 (1966). Only a party aggrieved by the court's order can appeal that order. *Beard* v. *Beard*, 207 Ark. 863, 183 S.W.2d 44 (1944); *Marsh* v. *Hoff*, 15 Ark. App. 272, 692 S.W.2d 270 (1985). When the decision in the trial court concerns the respective interests of two beneficiaries, the trustee is not an aggrieved party. *Castle* v. *Irwin*, 25 Haw. 807 (1921); Scott, *supra*, § 183. *See also In re Campbells's Estate*, 6 Haw. 475, 382 P.2d 920 (Haw. 1963); *In re Musser's Estate*, 341 Pa. 1, 17 A.2d 411 (1941). The underlying basis for the rule is the trustee's duty to deal impartially with beneficiaries. *In re Ferrall's Estate, supra*; *Hardy* v. *Hardy*, 222 Ark. 932, 263 S.W.2d 690 (1954); *Restatement (Second) of Trusts* § 183 (1959).

It is suggested that because the bank has filed a claim against the estate of Elizabeth Yancey it may have standing as a creditor of that estate to pursue the appeal. We must reject the suggestion. To take such a position would put the bank in the position of violating its fiduciary duty to deal impartially with multiple beneficiaries. Indeed, such a position would be inconsistent with that which the trustee took at trial, when it expressly recognized

that duty and stated it was merely "attempting to avoid making distribution to the incorrect beneficiary." Finally, the trial judge appointed a special administrator in this proceeding for the specific purpose of representing the creditors of the estate of Elizabeth Yancey, and the special administrator has not appealed.

■ For the reasons stated we are persuaded that the appellant lacks standing to appeal and therefore the appeal must be dismissed.

Dismissed.

CRACRAFT, C.J., and ROGERS, J., agree.