Frank Gordon BOYLE *v.* A.W.A., INC., Formerly U.R.G., Inc.
Richard Andrew Wagner Cross-appellant

94-712                                             892 S.W.2d 242

Supreme Court of Arkansas
Opinion delivered February 6, 1995

*Joe Hardegree, P.A.*, for appellant.

*Gregg, Hart & Farris*, by: *John, C. Gregg*, for appellee.

*Kinney & Snowden*, by: *William G. Snowden*, for cross-appellant.

ROBERT L. BROWN, Justice. Appellant Frank Gordon Boyle appeals a foreclosure decree which grants appellee A.W.A., Inc., formerly U.R.G., Inc., judgment against cross-appellant Richard Andrew Wagner and orders a foreclosure sale of his one-half interest in land located in Izard County. After the parties' briefs were filed, A.W.A. filed a motion to strike Wagner's brief, which was filed on the same date as A.W.A.'s brief in response, on grounds that Wagner was not a true cross-appellant but rather had aligned himself with the positions taken in appellant Boyle's brief. A.W.A. further contended that it did not have an opportunity to respond to Wagner's brief. This court determined that it would decide A.W.A.'s motion at the time that the case was submitted.

On February 25, 1976, Frank and Jessie Boyle deeded four tracts of land in Izard County to their two sons, Gordon Boyle and Richard Wagner, as co-trustees of the Boyle Trust. The beneficiaries of the trust under the Trust Indenture establishing the Boyle Trust were the settlors, Frank and Jessie Boyle. The Trust Indenture provided that the net income from the land would be paid to Frank and Jessie Boyle or to their survivor for life and that upon the death of both the trust would terminate and the

land would be distributed to the two sons "free from trust." The Trust Indenture also contained a spendthrift clause against the voluntary and involuntary alienation of the land by trust beneficiaries. Frank Boyle died in 1981. Jessie Boyle died on July 12, 1991. Her will acknowledged the Boyle Trust and verified the fact that under the trust the Izard County land would vest equally in her two sons upon her death.

In 1983, Richard Wagner and Gordon Boyle executed a promissory note in favor of A.W.A.'s predecessor, U.R.G., in the amount of $320,000. In 1987, Wagner and his wife executed a Note Modification Agreement in the amount of $325,000 in favor of U.R.G. and granted it a mortgage in the Izard County real property. Wagner defaulted on the promissory note, and in 1993 U.R.G.'s successor, A.W.A., filed a complaint in foreclosure on the Izard County tracts naming Wagner and his spouse, as well as Gordon Boyle and his spouse, as defendants. After A.W.A. filed an amended complaint, Boyle counterclaimed against A.W.A. and sought to nullify any mortgage on the land due to the spendthrift trust and due to the fact that, at the time of the mortgage, Wagner had no beneficial interest in the land. Boyle further cross-claimed against Wagner to remove him as co-trustee of the Boyle Trust, which Boyle contended was still in existence.

Boyle, Wagner, and A.W.A. all moved for summary judgment. The trial court denied the motions of Boyle and Wagner but granted A.W.A.'s motion and entered its foreclosure decree on April 4, 1994. In that decree, the court found that the Boyle Trust terminated upon Jessie Boyle's death on July 12, 1991, and that title to the Izard County land vested absolutely in Gordon Boyle and Richard Wagner on that date with each receiving an undivided one-half interest. The court ordered that Wagner's one-half interest in the land be sold in satisfaction of the A.W.A. debt.

We first address the issue of Wagner's brief filed as cross-appellant. The foreclosure decree was entered in this matter on April 4, 1994. Gordon Boyle filed his notice of appeal on April 14, 1994. Richard Wagner filed his notice of cross-appeal on May 3, 1994. A cross-appeal, typically, is an appeal by the appellee who seeks something more than was received in the trial court. *Black's Law Dictionary*, p. 375 (6th Ed. 1990); *Brown* v.

*Minor*, 305 Ark. 556, 810 S.W.2d 334 (1991). It must be filed within 10 days of that first notice of appeal except that it may be filed at any time within 30 days from the date of the decree which is the subject of the appeal. Ark. R. App. P. 4(a). Wagner's notice of cross-appeal was timely filed under our rule.

In reading Wagner's brief on appeal, however, it is clear that far from assuming the posture of appellee or contesting any decision in favor of his brother, appellant Boyle, he associates himself with the arguments made by appellant Boyle. He, thus, occupies the status of an appellant irrespective of how he styled himself in either his notice of appeal or on the cover of his brief. He failed to file his brief in timely fashion as an appellant but filed his brief on the same date that A.W.A.'s brief as the appellee was recorded. A.W.A., as a consequence, had no opportunity to respond to Wagner's arguments. This was inherently unfair to A.W.A., especially when Wagner was embracing the same positions as the appellant. We conclude that Wagner's brief was not timely filed, and we strike it.

We turn next to Boyle's first point on appeal that the trial court erred in finding that the Boyle Trust terminated upon the death of Jessie Boyle. We discern no error in the court's finding. The terms of the Trust are clear and precise in stating that upon the death of the parents the trust would terminate and that the land would be distributed to the two sons "free from trust:"

> ITEM VI. The original trust created by this instrument shall terminate upon the death of the survivor of the Grantors and all property of said trust shall, subject to the limitations in Item VII below, then be distributed to Grantors' children, Frank Gordon Boyle and Richard Andrew Wagner, free from trust, and in the event that either of said children is not then living, then to his or her descendants, per stirpes.[1]

Jessie Boyle's will further recognizes and verifies that fact and speaks in terms of the land's vesting in her sons at her death, which occurred on July 12, 1991:

---

[1] The Trust Indenture did provide that the trust would continue for beneficiaries under age 30, but both Boyle and Wagner had exceeded that age.

> For the purpose of verifying the same, I specifically recognize the inter vivos trust previously executed by me and by my husband, Frank Betts Boyle, covering certain real property situated in the State of Arkansas, wherein the said FRANK GORDON BOYLE and RICHARD ANDREW WAGNER are equal beneficiaries following the deaths of my husband and myself. I now confirm that my interest in those properties in the State of Arkansas which are so specifically described in the trust instrument will in fact vest at my death in such sons, according to the trust provisions.

We do not view Jessie Boyle's use of the term "beneficiaries" in her will as proof that the trust should continue after her death, as Boyle contends. On the contrary, she referred to the fact that the trust provisions would control and that the land would vest in her sons on the date of her death according to the trust. The trial court correctly found that on that date the trust terminated, and each son took an undivided one-half interest in the property as a tenant in common. Prior to that date, the sons' respective interests in the land had not vested but were merely contingent upon their surviving their mother.

■■ Boyle next urges that the trial court erred in failing to enforce the spendthrift clause in the Boyle Trust which, according to Boyle, would void A.W.A.'s mortgage on Wagner's land. We disagree. Boyle has no standing to raise an issue regarding Wagner's property in which he has no interest. *See Insurance from CNA* v. *Keene Corp.*, 310 Ark. 605, 839 S.W.2d 199 (1992). Further, it is only when a person is definitely aggrieved that there can be an appeal. *Arkansas State Highway Comm'n* v. *Perrin*, 302 Ark. 240, 399 S.W.2d 287 (1966); *Beard* v. *Beard*, 207 Ark. 863, 183 S.W.2d 44 (1944); *First National Bank* v. *Yancy*, 36 Ark. App. 224, 826 S.W.2d 287 (1991). The foreclosure decree specifies that A.W.A.'s rights as a creditor only pertain to Wagner's one-half interest in the land, and Boyle has failed to show us on appeal what his interest in Wagner's one-half interest in the land might be. But there are additional reasons to sustain the trial court's finding on this issue. The Boyle Trust terminated at Jessie Boyle's death in 1991, and the land did not vest in Wagner until that point. Accordingly, Wagner possessed no interest as a beneficiary in the land in 1987 which would subject him to the spendthrift clause at the time he mortgaged the land. It was only upon

the termination of the trust in 1991 when Wagner received a vested one-half interest in the land that the mortgage attached under the doctrine of after-acquired property. *See* Ark. Code Ann. § 18-12-601 (1987); *Stone* v. *Morris,* 177 Ark. 745, 7 S.W.2d 796 (1928); *Kline* v. *Ragland,* 47 Ark. 111, 14 S.W. 474 (1886). Even if he had had some beneficial interest in the land in 1987, there is also the fact that the spendthrift clause in the Trust Indenture states that it had no application once the trust ended:

> Moreover, the foregoing provisions of this Section B [Spendthrift Clause] shall cease to apply to the remaindermen of any trust created by this instrument on the date when the trust in which they are interested terminates pursuant to other provisions of this instrument.

In sum, Boyle's second point has no reasonable foundation to support it.

For his final point, Boyle urges that had he or his mother known about Wagner's mortgage of the land to A.W.A.'s predecessor in 1987, they might have taken some remedial action to void it. He urges that the trial court did not take this factor into consideration in its decree when it found that no one questioned the validity of the mortgage before the Boyle Trust terminated in 1991. We give this point little credence for reasons already stated. Wagner was not a trust beneficiary in 1987 and, hence, the spendthrift clause had no application to him. And, again, Boyle appears to have no standing to raise this point because his interest in the land to be foreclosed is not affected by the trial court's decree. *See Insurance from CNA* v. *Keene Corp., supra.* We conclude that there is no basis for reversing the trial court on this point.

Motion to Strike Cross-Appellant's brief is granted.

Affirmed.