## ARKANSAS COUNTY *v.* DESHA COUNTY,
### Arkansas Electric Cooperative Corporation,
### and Arkansas Public Service Commission

99-1332                                   27 S.W.3d 379

Supreme Court of Arkansas
Opinion delivered September 28, 2000
[Petition for rehearing denied November 2, 2000.* ]

---

* SMITH, J., not participating.

*Pike & Bliss, P.A.*, by: *George E. Pike, Jr.* and *Deborah Pike Bliss,* for appellant.

*Rose Law Firm*, by: *Garland J. Garrett* and *Herbert C. Rule, III,* for appellee Desha County.

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *Mark N. Halbert*, for appellee Arkansas Electric Cooperative Corporation.

*Lee McCulloch*, for appellee Arkansas Public Service Commission.

W[H. "DUB" ARNOLD, Chief Justice. Appellant Arkansas County brings the instant appeal challenging a decision of the Arkansas County Chancery Court granting Desha County's and Arkansas Electric Cooperative Corporation's motion to dismiss. At issue is whether the Arkansas Public Service Commission has jurisdiction to resolve a county boundary dispute arising from a change in the course of the Arkansas River. The trial court found that the Commission has jurisdiction to determine both the value and location of public utility property, including a contested boundary line between Arkansas County and Desha County. Our jurisdiction is authorized pursuant to Ark. Sup. Ct. R. 1-2(a)(1)

(2000) because appellant contends that such a delegation of jurisdiction violates the separation of powers provisions of the Arkansas Constitution. Under the instant facts and applicable statutes, we conclude that the legislature did not delegate such authority to the Commission. Accordingly, we reverse and remand.

The legislature granted the Arkansas Public Service Commission full power and authority to assess, value, equalize, and apportion public utility and public carrier property for taxation. Ark. Code Ann. § 26-24-102 (Supp. 1999). To assist with the administration of the Commission's duty, the legislature created the Tax Division within the Commission and granted it the responsibility of performing all functions regarding assessment and equalization of public utility property. Ark. Code Ann. § 26-24-101 (Repl. 1997). For example, the Tax Division annually assesses all property used or held for use in the operation of electric power companies, like appellee AECC. *See* Ark. Code Ann. § 26-26-1602(b)(1) (Repl. 1997). AECC is required to submit, on or before March 1 of each year, a statement to the Tax Division showing all AECC property that is subject to *ad valorem* assessment and taxation in Arkansas. *See* Ark. Code Ann. § 26-26-1602(b)(2). The filing must include:

> A detailed statement of all real and personal property owned or controlled by the company and situated in Arkansas on January 1 next preceding, giving the description, *location*, and value thereof,
> . . . .

(Emphasis added.) Ark. Code Ann. § 26-26-1603(a)(8) (Repl. 1997).

After receiving the utility's annual statement, the Tax Division meets for the purpose of assessing the property. Prior to assessment, any company or individual has the right to appear and be heard by the Tax Division concerning the valuation. Ark. Code Ann. §§ 26-26-1605(a)(1) -1609 (Repl. 1997). When the assessment is completed, the Division notifies the property owner in writing of the property's total assessed amount. Ark. Code Ann. § 26-26-1610(a) (Repl. 1997). The Tax Division is then authorized to assign or apportion the value of the assessed property to the appropriate taxing district according to the property's location. Ark. Code Ann. § 26-26-1611(3)(A) (Repl. 1997).

In the instant case, AECC complied with Ark. Code Ann. sections 26-26-1602(b)(2) and 26-26-1603(a)(8), by filing its annual statement with the Tax Division and reporting its HS No. 2 Hydro Project, Tract Nos. 203, 210, 230, and 235 (the "property"), for assessment. Consistent with AECC's filing, the Tax Division certified the property to appellee Desha County, where it was listed on the county's real estate assessment records. AECC continued to pay taxes on the property to Desha County until the instant litigation arose.

On July 12, 1999, Arkansas County filed a complaint in the Arkansas County Chancery Court against Desha County and AECC, alleging that the property was not located in Desha County but in Arkansas County. Arkansas County sought a declaration that the property was located in Arkansas County and an injunction preventing Desha County from collecting further taxes on the disputed property. Ultimately, Arkansas County obtained an *ex parte* temporary restraining order prohibiting AECC from paying the real and personal property taxes due Desha County. In an amended complaint filed on September 21, 1999, Arkansas County added the Public Service Commission as a party defendant. At trial, appellant argued that although the Commission has authority to assess public utility property where there is no dispute as to the property's location, where a boundary dispute exists, the matter becomes exclusively a judicial question.

In response, Desha County and AECC argued that the complaint should be dismissed because Arkansas County failed to exhaust its administrative remedies before the Commission. Specifically, appellees claimed that the Commission had the authority to exercise complete supervision and control over the valuation, assessment, and equalization of public utility property, including the authority to resolve incidental matters such as a county boundary dispute. The chancery court agreed. Finding that the Commission had primary and exclusive jurisdiction to determine the value and location of the subject property and concluding that the plaintiff failed to exhaust that administrative remedy, the chancery court dismissed the complaint on September 30, 1999.

In the instant appeal, both appellant and appellee Public Service Commission argue that the chancery court erred by finding that the Commission has the authority to determine the disputed

location of the Arkansas River as it defines the boundary between Arkansas and Desha Counties. Appellant claims that such a delegation of judicial power to an administrative agency violates Ark. Const. art. 4, §§ 1, 2. The Commission maintains that public utilities and carriers bear the burden of establishing and reporting the location of their property to the Tax Division, and the Commission's exclusive jurisdiction over utility matters and assessments does not include resolving boundary and waterway disputes. Rather, the proper forum for addressing such disputes lies in the chancery and circuit courts. We agree.

### I. Motion to strike Commission's brief

Before we address the merits of the appeal, we consider appellee Desha County's pending motion to strike the Commission's brief on the grounds that (1) the Commission is not a party to the action, (2) its brief, styled as an appellee's brief, actually supports the appellant's position, and (3) the Commission failed to file a notice of appeal or cross-appeal. We find merit in appellee's arguments, and we strike the Commission's brief as untimely.

In a remarkably similar case, *Boyle v. A.W.A., Inc.*, 319 Ark. 390, 892 S.W.2d 242, we struck a brief where the appellee filed a timely notice of cross-appeal but then filed a brief supporting the appellant's position rather than the appellee's. We acknowledged that:

> In reading Wagner's brief on appeal, however, it is clear that far from assuming the posture of appellee or contesting any decision in favor of his brother, appellant Boyle, he associates himself with the arguments made by the appellant Boyle. He, thus, occupies the status of an appellant irrespective of how he styled himself in either his notice of appeal or on the cover of his brief. He failed to file his brief in timely fashion as an appellant but filed his brief on the same date that A.W.A.'s brief as the appellee was recorded. A.W.A., as a consequence, had no opportunity to respond to Wagner's arguments. This was inherently unfair to A.W.A., especially when Wagner was embracing the same positions as the appellant. We conclude that Wagner's brief was not timely filed, and we strike it.

*Boyle,* 319 Ark. at 393, 892 S.W.2d at 244. Like Wagner, the Commission styled itself an appellee and filed its brief on January 6,

2000, the same day that Desha County filed its responsive brief. Similarly, like the appellee in *Boyle*, Desha County had no opportunity to respond to the Commission's arguments, which mirrored the appellant's.

We also noted in *Boyle* that when an appellee seeks something more than was received in the trial court, he must file a notice of cross-appeal within ten days of the first notice of appeal or within thirty days from the date of the challenged order. *Boyle*, 319 Ark. at 392-93, 892 S.W.2d at 244; *see also Flemings v. Littles*, 324 Ark. 112, 918 S.W.2d 718 (1996) (treating document styled "notice of appeal" as notice of cross-appeal). Although Wagner timely filed a notice of cross-appeal, we nevertheless struck his brief as untimely because he was not a true cross-appellant. *See Boyle*, 319 Ark. at 391, 892 S.W.2d at 243. Wagner aligned himself with the appellant's position but waited until the appellees' briefs were due to file his own. Here, the Commission failed to file either a notice of appeal or cross-appeal and yet filed a brief advancing the appellant's arguments too late to give the remaining appellees an opportunity to respond. In light of *Boyle*, we hold that the Commission's brief is untimely, and we strike it. Consequently, we also strike the Commission's oral argument.

## II. Jurisdiction

The central issue in this appeal is whether the Public Service Commission has jurisdiction to determine the boundary between Arkansas County and Desha County arising from a change in the flow of the Arkansas River through accretion or avulsion. The Commission is a creature of the legislature whose power and authority is limited to that which the legislature confers upon it. *Lincoln v. Arkansas Public Serv. Comm'n*, 40 Ark. App. 27, 42 S.W.2d 51 (1992), *aff'd*, 313 Ark. 295, 854 S.W.2d 330 (1993). Accordingly, we must examine the statutes creating the Commission's authority.

Our basic rule of statutory construction is to give effect to the intent of the legislature. *See Rosario v. State*, 319 Ark. 764, 769, 894 S.W.2d 888 (1995). We must give effect to that intent by making use of common sense and giving words their usual and ordinary meaning. *Kyle v. State*, 312 Ark. 274, 849 S.W.2d 935

(1993). Where the statutes are unambiguous, we construe them by looking to all laws on the subject, viewing them as a single system, and giving effect to the general purpose of the system. *See Citizens to Establish a Reform Party in Arkansas v. Priest*, 325 Ark. 257, 265-66, 926 S.W.2d 432 (1996) (citing *Hercules, Inc. v. Pleader*, 319 Ark. 702, 894 S.W.2d 576 (1995); *Pace v. State Use Saline County*, 189 Ark. 1104, 76 S.W.2d 294 (1934)).

■ When read as a whole, the purpose of the statutory provisions governing the Commission is to create an administrative agency vested with authority to valuate, assess, and equalize public utility property, and to apportion taxes to the appropriate taxing districts. Ark. Code Ann. § 26-24-102. Section 26-24-101(1)(A) specifically grants the Tax Division the "responsibility of performing all functions and duties regarding assessment and equalization of properties of public utilities and public carriers." Considering the plain language of the statutes, we cannot say that the legislature intended to vest the Commission with the responsibility of resolving boundary disputes, nor can we interpret the statute to find that that function is related to the assessment and equalization of the property.

■ As further evidence of the legislature's intent, we may also consider subsequent amendments to statutes. *Rosario v. State*, 319 Ark. 764, 769, 894 S.W.2d 888 1995). Notably, in Ark. Code Ann. section 23-3-119 (1987 & Supp. 1999), which deals with complaints filed in the Commission, the legislature clarified the Commission's jurisdictional authority in a 1985 amendment to the section. The amendment, codified as subsection (f), acknowledges the Commission's quasi-judicial jurisdiction to adjudicate public rights and claims in individual cases and to act generally and prospectively in the public's interest. Ark. Code Ann. § 23-3-119(f)(3). However, in subsection (f)(2), the legislature clarified that the Commission's jurisdiction to adjudicate public rights "does not and cannot ... extend to disputes in which the right asserted is a private right found in the common law of contracts, torts, or property." Further, in subsection (d), the legislature expressly stated that the commission did not have authority to order payment of damages or to adjudicate disputes in which the right asserted is "a private right found in the common law of contracts, torts, or property." Appellees suggest that this statute is inapplicable, but the legislature's intent is clear.

■ The chancery court's interpretation of the governing statutes runs counter to the overall purposes of the Commission. Moreover, no statute authorizes the Commission or the Tax Division to resolve a boundary dispute, and we cannot disregard the legislature's enactment of its intent in this area. In sum, we cannot say that the legislature intended to delegate to the Commission the jurisdiction to resolve common law property right issues between landowners sharing a river boundary. For these reasons, we hold that the chancery court erred by finding that the Commission was vested with jurisdiction to decide the boundary dispute and the location of AECC's property. In the absence of an administrative remedy, the chancery court erred by dismissing appellant's complaint. We reverse and remand for the chancery court to resolve the boundary issue.

■ We also require that the Commission continue to be a party in the action because we believe it is eminently preferable to have the legal and factual issues thrashed out in chancery court with the full participation of Arkansas County, Desha County, AECC, and the Commission. *See Arkansas State Med. Bd. v. Schoen,* 338 Ark. 762, 768, 1 S.W.3d 430, 434 (1999). Notably, in its August 2, 1999 motion to dismiss, AECC agreed that the Commission was a necessary and indispensable party and urged the chancery court to require Arkansas County to join the Commission pursuant to Ark. R. Civ. P. 19(a).

Reversed and remanded.

SMITH, J., not participating.