Jay Michael RALEY *v.* Dr. Charles WAGNER

00-1224 57 S.W.3d 683

Supreme Court of Arkansas
Opinion delivered October 11, 2001
[Petition for rehearing denied November 29, 2001.]

*McMath, Vehik, Drummond, Harrison & Ledbetter, P.A.*, by: *Phillip H. McMath*, for appellant.

*Armstrong Allen, PLLC*, by: *Ken Cook* and *Paul Wood*, for appellee.

R AY THORNTON, Justice. On December 8, 1997, appellant, Jay Michael Raley, filed a medical malpractice action against appellee, Dr. Charles Wagner. Appellant, who was born January 16, 1979, was eighteen years old at the time the complaint was filed. Appellant suffers from Hirschsprung Disease, a disease of the colon. In his complaint, appellant alleged that appellee, a pediatric surgeon, had negligently performed a "Soave Pull-Through" procedure on appellant on March 16, 1992. Appellant was thirteen-years-old at the time of the surgery, and the procedure was performed in the course of treatment of appellant's illness. The complaint also alleged negligence in appellee's failure to diagnose and treat subsequent complications that resulted from the procedure.

On April 28, 2000, appellee filed a motion for summary judgment. Appellee argued that appellant's claims were barred by the Medical Malpractice Act's two-year statute of limitations. On August 16, 2000, the trial court granted appellee's motion for summary judgment. The trial court further concluded that the Medical Malpractice Act was constitutional. It is from this order that appellant appeals. He raises two points for our consideration. Finding no reversible error, we affirm the trial court.

In his first point on appeal, appellant contends that the trial court erred in granting appellee's motion for summary judgment. Specifically, appellant argues that his claim was not barred by the Medical Malpractice Act's two-year statute of limitations. We outlined the applicable law surrounding our review of a granting of summary judgment in *Shelton v. Fiser*, 340 Ark. 89, 8 S.W.3d 557 (2000). We explained:

The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties.

*Id.* (citing *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598) (internal citations omitted).

Remaining mindful of our standard of review for summary-judgment cases, we must determine whether there was a genuine issue of fact in dispute. Specifically, we must determine whether appellant's claims were barred by the two-year statute of limitations applicable to the Arkansas Medical Malpractice Act. Appellant first argues that pursuant to section four of Act 709 of 1979, codified as Ark. Code Ann § 16-114-203 (1987), his claims were not barred. Arkansas Code Annotated section 16-114-203 (1987) provides:

(a) All actions for medical injury shall be commenced within two (2) years after the cause of action accrues.

(b) The date of the accrual of the cause of action shall be the date of the wrongful act complained of, and no other time. However, where the action is based upon the discovery of a foreign object in the body of the injured person which is not discovered and could not reasonably have been discovered within such two-year period, the action may be commenced within one (1) year from the date of discovery or the date the foreign object reasonably should have been discovered, whichever is earlier.

(c) A minor under the age of eighteen (18) years at the time of the act, omission, or failure complained of, shall in any event have until his nineteenth birthday in which to commence an action.

(d) Any person who had been adjudicated incompetent at the time of the act, omission, or failure complained of, shall have until

one (1) year after that disability is removed in which to commence an action.

*Id.* Appellee responds by contending that this statute was repealed by Act 997 of 1991. Act 997 provides as follows:

Be it enacted by the General Assembly of the State of Arkansas:

SECTION 1. Ark. Code Ann. § 16-114-203 is amended to read as follows:

"16-114-203. Statute of limitations.

(a) Except as otherwise provided in this section, all actions for medical injury shall be commenced within two (2) years after the cause of action accrues.

(b) The date of the accrual of the cause of action shall be the date of the wrongful act complained of and no other time. However, where the action is based upon the discovery of a foreign object in the body of the injured person which is not discovered and could not reasonably have been discovered within such two-year period, the action may be commenced within one (1) year from the date of discovery or the date the foreign object reasonably should have been discovered, whichever is earlier.

(c) Except as otherwise provided in the subsection (d) of this section, if at the time at which the cause of action for medical injuries occurring from obstetrical care shall or with reasonable diligence might have first been known or discovered, the person to whom such claim has accrued shall be nine (9) years of age or younger, then such minor or the person claiming through such minor may notwithstanding that the period of time limited pursuant to subsection (a) of this section shall have expired, commence action on such claim at any time within two (2) years next after the time at which the minor shall have reached his ninth birthday, or shall have died, whichever shall have first occurred.

(d) If, at the time at which the cause of action for medical injuries occurring from obstetrical care shall or with reasonable diligence might have been first known or discovered, the person to whom such claim has accrued shall be a minor without a parent or legal guardian, then such minor or the person claiming through such minor may, notwithstanding that the period of time limited

pursuant to subsection (a) of this section shall have expired, commence action on such claim at any time within two (2) years next after the time at which the minor shall have a parent or legal guardian or shall have died, whichever shall have first occurred; provided, however, that in no event shall the period of limitations begin to run prior to such minor's ninth birthday unless such minor shall have died.

(e) Any person who had been adjudicated incompetent at the time of the act, omission, or failure complained of, shall have until one (1) year after that disability is removed in which to commence an action."

\* \* \*

SECTION 4. All laws and parts of laws in conflict with this Act are hereby repealed.

*Id.*

■ We must determine whether the statute of limitations provisions of Act 709 were repealed and replaced by Act 997 of 1991. A basic rule of statutory construction is to give effect to the intent of the legislature. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.*

In order to determine the intent of the General Assembly, we first review the language of Act 709 in comparison to the language of Act 997. We note that in many respects the Acts are similar. First, section four of Act 709 of 1979 provides an all-inclusive two-year statute of limitations. Specifically, the Act states "all actions for medical injury shall be commenced within two (2) years after the cause of action accrues." The language in Act 997 of 1991 is somewhat similar to Act 709. However, the General Assembly added an additional phrase in Act 997. Specifically, Act 997 states, "*except as otherwise provided in this section,* all actions for medical injury shall be commenced within two (2) years after the cause of action accrues." (emphasis added). Next, Act 709 of 1979 and Act 997 of 1991 each provide an exception to the two-year statute of limitations for the discovery of foreign objects. Then, Act 709 of 1979 and Act 997 of 1991 each provide an exception to the two-year statute of limitations for specified minors. However, the savings

statute for all minors with medical malpractice claims allowing the claims to be brought until the minor's nineteenth birthday, included in Act 709 is not included in Act 997 of 1991. Act 997 replaced that exception with a narrow, specific exception for minors with medical malpractice claims for medical injuries occurring from *obstetrical care*. Finally, both Act 709 of 1979 and Act 997 of 1991 each provide an exception to the two-year statute of limitations for persons adjudicated incompetent.

■ ■ Both Act 997 of 1991 and section four of Act 709 of 1979 were complete statements of the statute of limitations applicable to medical injuries. We conclude that by enacting Act 997 of 1991 the General Assembly expressed its intention that the statute of limitations provisions found in Act 709 of 1979, codified as Ark. Code Ann. § 16-114-203 (1987), were replaced by Act 997 of 1991's adoption of a new and complete section of Ark. Code Ann. § 16-114-203. We note that the language in Act 997 which states, "*except as otherwise provided in this section*, all actions for medical injury shall be commenced within two (2) years after the cause of action accrues," clearly demonstrates the legislative intent that Ark. Code Ann. § 16-114-203, as amended and enacted by Act 997, replaces the provisions of Ark. Code Ann. § 16-114-203 (1987) derived from Act 709 of 1979. The General Assembly further expressed its intent to repeal the statute of limitations provisions found in Act 709 of 1979 by including within Act 997 of 1991 the following language: "all laws and parts of laws in conflict with this Act are hereby repealed." Because Act 997 of 1991 repealed the statute of limitations provisions set out in Act 709 of 1979, and because appellant does not have a medical injury arising from obstetrical care, we hold that appellant was required to bring his claim within two years from the time the cause of action accrued.

■ ■ Appellant next argues that because he is a minor, the statute of limitations applicable to his action is found at Ark. Code Ann. § 16-56-116 (1987). We have previously addressed this issue. Specifically, in *Shelton, supra*, we were asked to determine whether the general statute of limitations found in Ark. Code Ann. § 16-56-116, or the specific two-year statute of limitations found in the Arkansas Medical Malpractice Act, applied to a minor's medical malpractice claim. *Id*. Noting that a general statute must yield when there is a specific statute involving the particular issue, we held that the statute of limitations applicable to a minor in a malpractice case was the specific two-year statute of limitations found in the Medical Malpractice Act and not the general savings statute for claims brought by minors found at Ark. Code. Ann. § 16-56-116. *Id*.

Applying our holding in *Shelton* to the case now before us, we conclude that appellant's argument must fail.

In his second point on appeal, appellant argues that the two-year statute of limitations found in the Arkansas Medical Malpractice Act is unconstitutional. Specifically, appellant argues that the statute of limitations found in the Arkansas Medical Malpractice Act violates the equal protection and due process clauses of the United States Constitution and the Arkansas Constitution.[1] Appellant argues that there is no rational basis for treating minors with medical injuries differently than minors with other tort injuries.[2] Specifically, he contends that there is no rational basis for applying the two-year statute of limitations set forth in the Medical Malpractice Act to minors with medical malpractice claims and applying the general savings statute to minors with other tort actions.

Appellee responds to appellant's contention by arguing that there is a rational basis for applying a different statute of limitations to minors with medical malpractice actions. Appellee argues that the General Assembly intended to control health care costs through its enactment of the Arkansas Medical Malpractice Act. Appellee contends that health care costs are controlled by encouraging individuals to bring their medical malpractice claims within two years and that health care costs are further controlled by applying the two-year statute of limitations to minors with medical malpractice claims. Appellee cites the following language from Act 709 of 1979 as articulating the legislature's intentions. Act 709 of 1979 states in relevant part:

---

[1] We note that appellant makes reference to Article 2, Section 13, of the Arkansas Constitution in his brief. This section is known as the "open courts" provision of the Arkansas Constitution. This provision provides that all persons are entitled to a certain remedy in the law and ought to be able to obtain justice freely. *Id.* Although appellant raised this constitutional provision in his brief, he failed to develop an argument involving this provision. Additionally, this argument was not fully raised or developed below. We have held that when a party cites no authority or convincing argument on an issue, and the result is not apparent without further research, the appellate court will not address the issue. *Jones v. Abraham*, 341 Ark. 66, 15 S.W.3d 310 (2000). Because appellant has failed to provide this court with a convincing argument on this issue, we will not address this argument on appeal.

[2] We note that appellant also argues that the Medical Malpractice Act is unconstitutional because it treats minors with medical malpractice claims differently than minors with obstetrical care medical malpractice claims. Because this argument was not raised below, we will not address it for the first time on appeal. *See Barclay v. First Paris Holding Co.*, 344 Ark. 711, 42 S.W.3d 496 (2001) (holding that appellant was procedurally barred from raising an argument on appeal because it was not raised below).

SECTION 11. Emergency Clause. It is hereby found, determined and declared by the General Assembly that the threat of legal actions for medical injury have resulted in increased rates for malpractice insurance which in turn causes and contributes to an increase in health care costs placing a heavy burden on those who can least afford such increases and that the threat of such actions contributes to expensive medical procedures to be performed by physicians and others which otherwise would not be considered necessary and that this Act should be given effect immediately to help control the spiraling cost of health care. Therefore, an emergency is hereby declared to exist, and this Act being necessary for the immediate preservation of the public peace, health and safety shall be in full force and effect from and after its passage and approval.

*Id.*

 After reviewing the emergency clause, we hold that there is a rational basis for applying the two-year statute of limitations to minor plaintiffs in medical malpractice actions while allowing minor plaintiffs in other tort actions until their twenty-first birthday to bring forward a claim. We conclude that the rational basis for applying the shorter statute of limitations to the minors with the medical malpractice actions is to control health care cost paid by the people of Arkansas. The trial court found that the Arkansas Medical Malpractice Act is constitutional, and we cannot say that this finding was erroneous. *See Gay v. Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983) (holding that every act carries a strong presumption of constitutionality). Having found no reversible errors, we affirm the trial court.

Affirmed.

GLAZE, CORBIN, and IMBER, JJ., dissent.

TOM GLAZE, Justice, dissenting. Jay Raley was twelve years old on March 16, 1992, the date Dr. Charles Wagner was alleged to have negligently performed Jay's surgery. Jay suffered from a non-obstetrical disease related to the malfunction of his large bowel. He incurred a later surgery and treatment by other doctors, but it all resulted in an irreparable non-functioning bowel, necessitating a permanent colostomy. Jay was age eighteen years old when he filed a negligence lawsuit against Dr. Wagner in December 1997. The trial court, however, dismissed Jay's lawsuit as being untimely

and barred by the Medical Malpractice Act's two-year statute of limitations.

Under the Medical Malpractice Act, Section 4 of Act 709 of 1979, actions for medical injury must be commenced within two years after the cause accrues, but a minor under the age of eighteen years at the time of the negligent act has until his nineteenth birthday to commence an action.[1] Under this law, Jay's action was commenced in time since he was age twelve when Dr. Wagner performed Jay's surgery, and Jay was only eighteen when he filed suit.

In 1991, the General Assembly, by Act 997, amended § 4 of Act 709 by adding the following relevant language, limiting a minor's time to bring an action for medical injuries resulting from *obstetrical* care:

> (a) Except as otherwise provided in this section, all actions for medical injury shall be commenced within (2) years after the cause of action accrues.

> \* \* \*

> (c) Except as otherwise provided in subsection (d) of this section, if at the time at which the cause of action for medical injuries occurring from *obstetrical* care shall or with reasonable diligence might have first been known or discovered, the person to whom such claim has accrued shall be nine (9) years of age or younger, then such minor or the person claiming through such minor may, notwithstanding that the period of time limited pursuant to subsection (a) of this section shall have expired, commence

---

[1] The full text reads as follows:

(a) All actions for medical injury shall be commenced within two years after the cause of action accrues.

(b) The date of the accrual of the cause of action shall be the date of the wrongful act complained of and no other time. However, where the action is based upon the discovery of a foreign body in the body of an injured person which is not discovered and could not reasonably have been discovered within such two-year period, the action may be commenced within one (1) year from the date of discovery or the date the foreign object reasonably should have been discovered, whichever is earlier.

(c) A minor under the age of eighteen (18) years at the time of the act, omission, or failure complained of, shall in any event have until his nineteenth birthday in which to commence an action.

action on such claim at any time within two (2) years next after the time at which the minor shall have reached his ninth birthday, or shall have died, whichever shall have first occurred.

(d) If at the time at which the cause of action for medical injuries occurring from *obstetrical* care shall or with reasonable diligence might have been first known or discovered, the person to whom such claim has accrued shall be a minor without a parent or legal guardian, then such minor or the person claiming through such minor may, notwithstanding that the period of time limited pursuant to subsection (a) of this section shall have expired, commence action on such claim at any time within two (2) years next after the time at which the minor shall have a parent or legal guardian or shall have died, whichever shall have first occurred; provided, however, that in no event shall the period of limitation begin to run prior to such minor's ninth birthday unless such minor shall have died.

(Emphasis added.)

Clearly, Act 997 was enacted to reduce the time during which minors can bring claims arising from pregnancies and childbirths. Before Act 997, such an obstetrical claim could remain dormant for as long as nineteen years under § 4 of 709; the General Assembly passed Act 997 to reduce this period concerning obstetrical injuries. However, Act 997 makes no mention of *non-obstetrical* claims of minors. Nor did the General Assembly in that Act specifically repeal the earlier Act 709's provision, which contains the longer limitation for a minor's medical malpractice claim, permitting non–obstetrical claims like Jay's.

In simple terms, the General Assembly, by enacting Act 997, offered no clear language that all children (except those with obstetrical injuries) should be treated as adults. Under the majority opinion, a special class of children, namely those suffering from non-obstetrical injuries must, like adults, bring suit within two years from when they actually sustain an injury. In other words, the majority opinion's interpretation leads to the absurd result that children with non–obstetrical injuries must be bound by the adult two–year limitation, while children with obstetrical claims have eleven years to file suit. This different classification of children's claims and when they can bring suit on them makes no sense. Obvious reasons exist to treat children's medical claims differently from those claims incurred by knowledgeable, experienced adults,

but Act 997 does not make children with non–obstetrical or obstetrical injuries on equal footing with adults. If the General Assembly had intended to change Act 709 in order to severely reduce children's right to sue in this respect, it could have easily done so by specifically repealing the longer limitation period for minors set out and established by Act 709. In fact, our General Assembly did just that in 1995 when it enacted Act 735, which employed language whereby the eleven-year limitation applied to all children's medical injuries, removing the reference to the word "obstetrical.". *See Arkansas County v. Desha County*, 342 Ark. 135, 27 S.W.3d 379 (2000) (as further evidence of the legislature's intent, the supreme court may also consider subsequent amendments to statutes).

Our law is settled that repeals by implication are not favored in interpreting our statutes. *Shelton v. Fiser*, 340 Ark. 89, 8 S.W.3d 557 (2000).[2] *See Nance v. Williams*, 263 Ark. 237, 564 S.W.2d 212 (1978) (when a later act covers the entire matter of an earlier one, adding new provisions and plainly showing it was intended as a substitute for the first one, then the older act is repealed by implication). Stated another way, if the General Assembly intended to repeal § 4 of 709, it could have passed a law plainly showing it was intended as a substitute for that law, but instead, Act 997 in plain terms dealt only with obstetrical injuries, and not all injuries sustained by children.

In sum, the only change intended by Act 997 was to reduce the limitation period for children's obstetrical injuries. Again, absolutely no mention is made to reduce children's injuries that are non–obstetrical, and the majority opinion stretches its interpretation of Act 997 to hold otherwise.

One last significant point needs mentioning. While I thoroughly disagree with the majority opinion, Act 997, at the very least, may be said to lend itself to more than one interpretation. That being so, this court has long-established precedent, stating that

---

[2] The majority opinion relies on *Shelton* in holding that the specific two-year statute of limitations found in the Arkansas Medical Malpractice Act applies to a minor's medical malpractice claim, rather than the general savings statute found in Ark. Code Ann. § 16-56-116. However, in finding the general savings statute did not apply to the appellant in *Shelton*, this court did not take the opportunity to interpret the applicability of Act 997 to non-obstetrical cases; nor did it address the issue of whether Act 997 repealed the earlier Act 709. Instead, this court applied Act 735 of 1995, the latest version of the minor savings statute in the Medical Malpractice Act to an injury that occurred in 1994, presumably when the applicable statute of limitations would have been under Act 997 of 1991 — the Act in question in the present case.

doubt as to which of two or more statutes of limitations applies to a particular action or proceeding will be generally resolved in favor of the application of the statute containing the longest limitation. *Matthews v. Travelers Indemnity Ins. Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968). The majority court ignores this settled law in adopting the harsh, restrictive interpretation of Act 997 to deny Jay's non-obstetrical claim. The majority opinion is wrong.

CORBIN and IMBER, JJ., join this dissent.