SPRINGDALE SCHOOL DISTRICT NO. 50 *v.*
The EVANS LAW FIRM, P.A., and Hirsch Law Firm, P.A.

04-436                                                              200 S.W.3d 917

Supreme Court of Arkansas
Opinion delivered January 13, 2005

---

*Cypert, Crouch, Clark & Harwell,* by: *Charles L. Harwell* and *Marcus W. Van Pelt,* for appellant.

*Taylor & Janis,* by: *Joel Taylor,* for appellees, cross-appellants.

DONALD L. CORBIN, Justice. At issue in this case is the propriety of a trial court's order regarding attorneys' fees. In *Butt v. The Evans Law Firm, P.A.,* 351 Ark. 566, 98 S.W.3d 1 (2003), this court reversed the trial court's award of attorneys' fees and remanded the matter to the circuit court. On appeal, the Appellant Springdale School District No. 50 argues that the trial court erred in ordering it to pay an additional $280,974.00 in attorneys' fees to Appellees The Evans Law Firm, P.A., and Hirsch Law Firm, P.A. As this is a subsequent appeal, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(7). Because the trial court erred in modifying the award of attorneys' fees where there was no proper plaintiff before it, we reverse and dismiss this case.

It is unnecessary for us to recite the detailed facts set forth in *Butt I.* Some procedural background leading up to that case will be helpful, though. In 1997, a series of illegal-exaction lawsuits were

filed in Washington County, Arkansas. These separate lawsuits were eventually consolidated, but settlement of each separate lawsuit was ultimately reached between the respective class representatives and the taxing units. Each settlement addressed the issue of attorneys' fees to be paid to class counsel. Thereafter, William Jackson Butt, acting on his own behalf and on behalf of 3,019 taxpayers, appealed the award of attorneys' fees to this court.

In *Butt I*, this court determined that Mr. Butt was the only proper Appellant, as he had timely intervened on the issue of attorneys' fees, and the 3,019 taxpayers were dismissed from the appeal. This court then addressed the issue of "what is a 'reasonable part of the recovery of the class members' to be apportioned as attorneys' fees." *Id.* at 585, 98 S.W.3d 12. In reaching this issue, this court reversed the order of the circuit court awarding Appellees attorneys' fees based on the settlement pool. This court then remanded the matter to the circuit court with instructions that the court determine the appropriate amount of attorneys' fees based on the amount of the actual recovery of illegally paid taxes. In remanding, this court further noted that the issue of the fees that had been voluntarily paid was moot; thus, only the fees owed by the Springdale School District were at issue on remand. This court also noted that the issue of whether Mr. Butt had standing to challenge the fees paid by the Springdale School District was to be decided by the trial court.

Once remanded, a hearing was held on October 31, 2003. At that hearing, Lee Ann Kizzar, Washington County Assessor, testified. According to Ms. Kizzar, Mr. Butt owned property in both the Fayetteville and West Fork School Districts but owned no property in the Springdale School District. Ms. Kizzar also testified that her records indicated that her office refunded $1,635,838.01 to Washington County taxpayers. According to her, the amount of the payments were ascertained by using a formula set out in the Settlement Agreements. She elaborated that the amount paid out by her office was the amount claimed by the taxpayers reduced by the amount of attorneys' fees paid, as well as administrative expenses.

Appellee Marshall Dale Evans also testified about his experience in negotiating the settlement agreements, including the one with the District. In that agreement, the parties agreed that the maximum amount to be paid out by the District would be $5,000,000. Evans further explained that it was understood that not all monies available for refund would be claimed thus neces-

sitating the need for a multiplier formula to determine the appropriate refund amounts. Evans then explained that the total amount owed by the District was $2,265,071.28, an amount which includes costs paid as well as the attorney's fees. According to Evans, this court awarded counsel a fee of twenty-five percent, of which half had already been paid by the District. Evans then opined that when he multiplied twelve-and-one-half percent by the total amount owed by the District, the sum equaled $283,133.91 in remaining attorneys' fees owed to Appellees.

At the conclusion of the hearing, the trial court announced several findings from the bench. First, he opined that Mr. Butt lacked standing on remand but determined that the lack of standing was irrelevant in light of this court's opinion in *Butt I*. The trial court then stated that he agreed with Appellees' position that a reasonable award of attorneys' fees was $283,133.91. These findings were included in a written order filed on February 3, 2004. This appeal followed.

There is a threshold issue involving standing that must be resolved before this court can reach the merits of the propriety of the award of attorneys' fees. The District argues that the trial court erred in ruling that Mr. Butt had no standing on remand, but further notes that the issue is irrelevant because, as the trial court ruled, the opinion of this court in *Butt I* is law of the case and is binding on all parties. Appellees counter that the trial court correctly determined that Butt had no standing on remand. Additionally, they cross-appeal the trial court's modification of the attorneys' fee award, arguing not only did Mr. Butt lack standing on remand, but he also lacked standing to pursue the appeal in *Butt I* and, thus, the trial court erred in applying the doctrine of law of the case to the issue of Butt's standing. In their reply to the cross-appeal, the District counters that Butt appealed the award of the attorneys' fees on behalf of the class and because this court remanded the whole case, the issue of Butt's standing was resolved.

Appellees are correct that the trial court erred in modifying the award of attorneys' fees, despite this court's analysis in *Butt I*, but their logic supporting that conclusion is erroneous. In sum, once the trial court determined that Butt had no standing on remand, the case should have ended. As explained below, it was error for the trial court to proceed in this case with the District unofficially substituting itself as the plaintiff.

In *Butt I*, this court stated:

> We note on this point that class counsel question Mr. Butt's standing to contest attorneys' fees paid by the Springdale School District, but we leave that issue for the circuit court to resolve.

*Id.* at 591, 98 S.W.3d at 16.

During the hearing in this matter on remand, Appellees argued that Butt had no standing. The trial court stated in response:

> I tend to agree with you on that, and I've read your briefs. I'm not making a final ruling, and I'll give Charlie a chance to respond, but I don't think — and he's not here today, but I think it's pretty clear he doesn't have any financial interests in this matter, and I don't think at this point has any standing. But I can't tell that it matters. He filed the appeal, the Supreme Court took his appeal, and they wrote an Opinion, and they remanded it back to me with regard to the Springdale School District. And the law that they stated is the law of the case independent of whether Mr. Butt is here or not. I mean, it's just the law of the case.

Later, in his actual findings, the trial court stated from the bench that Butt did not have any standing on the remand portion of this case. Despite this determination, the trial court concluded that it was obligated by the doctrine of law of the case to determine the appropriate amount of attorneys' fees to be awarded to Appellees.

We begin our analysis by reviewing our general rules on the issue of standing. This court has held that a person must have suffered an injury or belong to a class that is prejudiced in order to have standing to challenge the validity of a law. *Morrison v. Jennings*, 328 Ark. 278, 943 S.W.2d 559 (1997); *Hamilton v. Hamilton*, 317 Ark. 572, 879 S.W.2d 416 (1994). Stated differently, plaintiffs must show that the questioned act has a prejudicial impact on them. *Chapman v. Bevilacqua*, 344 Ark. 262, 42 S.W.3d 378 (2001). Moreover, our courts have recognized the concept of "standing to appeal." *See Arkansas State Hwy. Comm'n v. Perrin*, 240 Ark. 302, 399 S.W.2d 287 (1966); *see also First Natal Bank v. Yancey*, 36 Ark. App. 224, 826 S.W.2d 287 (1991). Only a party aggrieved by the court's order can appeal that order. *Beard v. Beard*, 207 Ark. 863, 183 S.W.2d 44 (1944).

We are convinced that the trial court correctly determined that Mr. Butt lacked standing on remand. The evidence demonstrated that Mr. Butt owned no property and thus was not

a taxpayer in the Springdale School District. He was simply not aggrieved by this court's decision that the fee award to be paid by the District was in error. A determination that he lacked standing on remand does not equate, however, with a conclusion that he lacked standing in *Butt I*, as Appellees now argue. In that case, this court specifically stated:

> We deny the motion to dismiss with regard to Mr. Butt, who did specifically intervene on the issue of attorneys' fees before the circuit court and, thus, is not subject to the *Haberman* decision. Furthermore, we conclude that Mr. Butt does have a financial interest in this matter because he has a pecuniary interest affected by the circuit court's disposition of the attorneys'-fees issue. *See In Re: $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999). Therefore, he has standing to appeal. *See id.*

351 Ark. at 578, 98 S.W.3d at 7. In light of our clear holding on this issue, it would have been error for the trial court to determine that Mr. Butt lacked standing in the prior appeal.

Having so determined, our analysis must then focus on the question of how the trial court proceeded on the issue of attorneys' fees on remand after it properly determined Mr. Butt, as the only remaining plaintiff, lacked standing at that point. This issue is made more confusing by an examination of the record which reveals that Mr. Butt withdrew from participation in this case on remand.

The record reflects that immediately after the case was remanded by this court, Appellees filed a motion to dismiss. Therein, Appellees alleged that Mr. Butt lacked standing to pursue this matter on remand and requested that the court decline to further address the issue of attorneys' fees. Moreover, in their supporting brief, Appellees argued that the District never participated in the appeal and, as such, was precluded from doing so now. The District filed a response to the motion to dismiss, claiming that it was allowed to participate on remand because it is the entity that would be required to pay the fees. The District also argued that its agreement with Appellees concerning the payment of attorneys' fees was now void because it would require the payment of fees deemed illegal by this court. Despite Appellees' objection to the District's participation, the trial court allowed the District to proceed on remand. In its final order, the trial court summarily overruled Appellees' objection on this point. We must now determine if the District was a proper party on remand, thus,

providing the trial court with an opportunity to revisit the issue of attorneys' fees and subsequently modify them.

■ In deciding this issue, we first note that the District asserts no argument regarding the issue of whether it was entitled to participate in this action on remand. Instead, the District argues that the trial court erred in ruling that Mr. Butt lacked standing on remand. In their cross-appeal, Appellees argue that the District lacked standing to participate on remand as it never appealed the award of attorneys' fees. According to Appellees, the District's standing would necessarily be premised on Mr. Butt's standing, and since Mr. Butt had no standing, neither did the District.

With regard to the District's arguments that Mr. Butt had standing, we note that the District cannot pursue the standing of another party. *See Boyle v. A.W.A, Inc.*, 319 Ark. 390, 892 S.W.2d 242 (1995); *Insurance From CNA v. Keene Corp.*, 310 Ark. 605, 839 S.W.2d 199 (1992). In the latter case, this court noted that "[j]udgments, though erroneous as to parties who do not appeal, will not be reversed upon the appeal of a party as to whom there is no error." *Id.* at 610, 839 S.W.2d at 202 (citing *Mann v. State*, 37 Ark. 405 (1881)). Moreover, a party who does not appeal from an order of the trial court cannot benefit on remand. *See Scott v. State*, 230 Ark. 766, 326 S.W.2d 812 (1959) (holding that this court will not disturb a trial court's order for errors committed against a party who does not appeal that order). It is well settled that a party cannot appeal the claim of another party. *Falbo v. Howard*, 271 Ark. 100, 607 S.W.2d 369 (1980).

■ Finally, we disagree with the District's contention that Appellees' argument regarding standing raised in their cross-appeal is moot. On this point, the District contends that this court clearly "decided the circuit court had the power to hear the issue of the amount of attorneys' fees owed by the District by this Court's remand of the matter over the objection of class counsel and Mr. Butt himself." As previously stated, this court determined that Mr. Butt had standing to pursue the initial appeal but specifically left to the trial court a determination of his standing on remand. Thus, our review of the trial court's determination of standing is not now barred by law of the case. *See First Commercial Bank, N.A. v. Walker*, 333 Ark. 100, 969 S.W.2d 146, *cert. denied*, 525 U.S. 965 (1998).

■ In sum, we are not persuaded by the District's argument that our ruling in *Butt I* would constitute an advisory opinion if we accept Appellees' argument that Butt lacked standing and the

trial court erred in modifying the award of attorneys' fees. It is clear from our opinion in the preceding appeal that the trial court, as a threshold issue, was to determine whether or not Mr. Butt had standing on remand. Such was a factual determination properly left to the discretion of the trier of fact. If the trial court had determined that Mr. Butt had standing, then it was obligated to follow our mandate regarding the proper method for ascertaining attorneys' fees. However, once the trial court determined that Mr. Butt had no standing on remand, the case should have ended, as there was no remaining party to pursue the issue on remand. Accordingly, we affirm the trial court's determination that Mr. Butt lacked standing but reverse and dismiss its modification of the attorneys' fee award. Because we are dismissing this case, the cross-appeal is moot.

Reversed and dismissed.

GLAZE and GUNTER, JJ., not participating.