Patricia R. KUHN *v.* DIRECTOR,
Arkansas Employment Security Division, and Webster University

E 03-4                                          121 S.W.3d 517

Court of Appeals of Arkansas
Division II
Opinion delivered October 8, 2003

*Brown McCarroll, L.L.P.*, by: *Kurt H. Kuhn*; and *Wright, Lindsey & Jennings, LLP*, by: *John D. Davis*, for appellant.

One brief only.

R OBERT J. GLADWIN, Judge. In this unemployment compensation case, appellant asks this court to reverse the

decision of the Arkansas Board of Review (Board) that, under Ark. Code Ann. § 11-10-509 (Supp. 2001), she should be retroactively disqualified for benefits paid between the academic terms at her part-time place of employment, Webster University. We agree with appellant that the Board's interpretation of Ark. Code Ann. § 11-10-509 is wrong as a matter of law, and, therefore, we reverse and remand.

Appellant was employed full time as an Internet/Intranet manager for StaffMark. At the time she was laid off from this full-time job, appellant was employed part time as an adjunct instructor for Webster University. Although all the benefits paid to appellant were based on her work and wages from StaffMark, she earned a supplemental income from Webster during the "base period" that the Employment Security Department (Department) uses to compute benefits.

The Department determined that appellant was ineligible for unemployment insurance benefits for the period December 16, 2001, through January 5, 2002, and also for the period March 10, 2002, through March 16, 2002. This determination was based upon a finding that appellant performed services in an instructional capacity for an educational institution, was between terms during the above dates, had performed such services in the first of the terms, and had a reasonable assurance of performing such services in the second of such terms. The Appeal Tribunal and the Board affirmed. The Board reasoned that because there were educational wages in appellant's base period of her claim, Ark. Code Ann. § 11-10-509 applied so as to disqualify appellant from benefits during the between-terms time period.

Under Ark. Code Ann. § 11-10-201(a)(1) (Supp. 2001), "base period" means the first four of the last five completed quarters immediately preceding the first day of the benefit year. An insured worker's weekly benefit amount shall be an amount equal to one-twenty-sixth of his total wages for insured work paid during the one quarter of his base period in which the wages were highest. Ark. Code Ann. § 11-10-502(a) (Supp. 2001).

Arkansas Code Annotated section 11-10-509(a) provides that employees of educational institutions are not eligible for benefits during certain time periods:

> With respect to service performed in an instructional, research, or principal administrative capacity for an educational institution,

benefits shall not be paid based on services for any week of unemployment commencing during the period between two (2) successive academic years or terms, during a similar period between two (2) regular but not successive terms, or during a period of paid sabbatical leave provided for in the individual's contract to any individual if the individual performs the services in the first of the academic years or terms and if there is a contract or reasonable assurance that the individual will perform services in any such capacity for any educational institution in the second of the academic years or terms.

The Board noted that there were wages from a noneducational employer, StaffMark, and wages from an educational employer, Webster University, in appellant's base period. The Board then incorrectly concluded that because there were educational wages in appellant's base period of her claim, she was ineligible for benefits during between-terms time periods, even though it was undisputed that appellant neither filed a claim for nor was paid benefits based upon her work for an educational institution.

Appellant contends that the Board misapplied Ark. Code Ann. § 11-10-509(a) to disqualify her from receiving benefits for being laid off from her full-time, noneducational employment simply because she also had limited part-time work as an adjunct instructor. In response to appellant's arguments on appeal, the Arkansas Employee Security Department filed a motion to dismiss, stating, *inter alia*, that appellant mistakenly alleged that the Board's decision would cause her to have to repay benefits; that appellant's claim was based solely upon noneducational wages; and that there was no overpayment of benefits to appellant.

The Department's contention that the decision of the Board will not cause appellant to have to repay benefits or have future benefits reduced to accomplish repayment is not supported by the record. The Board determined that there had been an overpayment of benefits. As written, this opinion could be used to compel repayment of those benefits, regardless of statements to the contrary made by the Department in its motion to dismiss. See Ark. Code Ann. § 11-10-532 (Supp. 2001). Therefore, rather than simply dismiss the appeal on the basis of unsupported assurances by the Department, we address the issue of whether the Board misapplied Ark. Code Ann. § 11-10-509(a) given the facts of this case.

■ The construction of a statute by an administrative agency should not be overturned unless it is clearly wrong, and this court will not substitute its judgment for that of an administrative agency unless the administrative agency's decision is "arbitrary and capricious." *Ramsey v. Dep't of Human Servs.*, 301 Ark. 285, 783 S.W.2d 361 (1990). Administrative actions may be considered arbitrary and capricious where they are not supported by any rational basis, or hinge on a finding of fact based on an erroneous view of the law. *Curen v. Arkansas Prof'l Bail Bondsman Lic. Bd.*, 79 Ark. App. 43, 84 S.W.3d 47 (2002). In *Raley v. Wagner*, 346 Ark. 234, 57 S.W.3d 683 (2001), our supreme court stated that a basic rule of statutory construction is to give effect to the intent of the legislature, and where the language of a statute is plain and unambiguous, legislative intent is determined from the ordinary meaning of the language used.

■■ The language of Ark. Code Ann. § 11-10-509(a) clearly states that *with respect to services performed in an instructional capacity for an educational institution*, benefits shall not be paid during between-terms time periods. (Emphasis added.) The limitations of this statute apply only when the benefits sought are based upon the claimant's instructional work for an educational institution and the other requirements of the statute are met. A claimant who seeks benefits based upon her noneducational employment is not precluded from receiving benefits during between-term periods simply because education-related wages appear in her base period.

The Board's decision in this case to deny benefits pursuant to Ark. Code Ann. § 11-10-509(a) was based on an erroneous view of the law and was therefore arbitrary and capricious. Accordingly, we reverse and remand for award of benefits.

Reversed and remanded for award of benefits.

PITTMAN and BAKER, JJ., agree.