The Honorable Steve Faris State Senator 29476 Highway 67 Malvern, Arkansas 72104
Dear Senator Faris:
I am writing in response to your request for my opinion on the following matter:
 Arkansas Code 6-18-201 (Compulsory attendance) provides that students, ages 5-17, must be enrolled in public, private, parochial, or home school. Exceptions are provided, one being enrolled in adult education.
 In order to enroll in adult education, certain criteria must be met. One is scoring 8.5 or above on the test for adult basic education or scoring of 450 on each section and a minimum composite score of 490 on the General Educational Development Practice Test.
 My question specifically concerns ACA 6-18-201(b)(2)(B) which reads as follows:
 (B) Provided, however, that the minimum test scores shall not be required of any student who is subject to the attendance requirements of this section but who was not enrolled in any school district during the previous school year;
 My question is for clarification to whom does the above law refer to. Would the above law be applicable to a person between the ages of 16 and 17 who was not in compliance with the compulsory attendance requirement because the student did not attend any public, parochial or private school and was not registered as home schooling with any district? For example, a student who withdrew from school and then did not enroll in any system for twelve months. Would he or she then be eligible to enroll in adult education to pursue a GED without making the 8.5 or 450 score on the required test?
RESPONSE
It is my opinion that, under the circumstances you have described, an individual aged 16 or 17 who is not in compliance with the mandatory attendance provisions by virtue of a year-long truancy may be eligible to enroll in adult education classes without making the minimum required scores referenced in A.C.A. § 6-18-201(b)(2)(B). It is arguable, however, that rewarding an individual in violation of the attendance requirements could be seen as "absurd" and contrary to the legislative intent of the section. Legislative clarification may be warranted.
This question requires me to interpret A.C.A. § 6-18-201 (Supp. 2003). Your question about to whom subsection (b)(2)(B) applies can only be answered by examining the entire code section as well as the specific language of this provision and its related provisions. Subsection (a) states in the pertinent part that:
 Under the penalty for noncompliance as shall be set by law, every parent, guardian, or other person residing within the State of Arkansas having custody or charge of any child age five (5) through seventeen (17) on or before September 15 of that year shall enroll and send the child to a public, private, or parochial school or provide a home school for the child, as described in § 6-15-501 et seq., with the following exceptions:
* * *
 (4)(A) Any child sixteen (16) or above enrolled in an adult education program as provided for in subsection (b) of this section or in the Arkansas National Guard Youth Challenge Program is not subject to the attendance requirement.
A.C.A. § 6-18-201(a) (Supp. 2003).
Subsection (b) details the requirements for a local school district to grant a waiver of the attendance requirements in order for a student to enroll in an adult education program. It provides as follows:
 A local school district may grant a waiver of the attendance requirement to any student age sixteen (16) or seventeen (17) to enroll in an adult education program only after all of the following requirements have been met:
* * *
 (2)(A) After formal application and prior to any further action on the application, the student shall be administered either a test for adult basic education or a General Educational Development Practice Test under standardized testing conditions by a public school official designated by the school and shall score 8.5 grade level or above on the test for adult basic education or a minimum score of 450 on each section and a minimum composite score of 490 on the General Educational Development Practice Test.
 (B) Provided, however, that the minimum test scores shall not be required of any student who is subject to the attendance requirement of this section but who was not enrolled in any school district during the previous school year[.]
A.C.A. § 6-18-201(b) (Supp. 2003) (emphasis added). The emphasized language was included in language added to the statute by Act 837 of 1995. Subsection (b), above, addresses only students in public "school districts." Subsection (c), however, added by Act 1659 of 2001, addresses students in private, parochial, or home schools. It provides in pertinent part as follows:
 Students age sixteen (16) or seventeen (17) enrolled in a private, parochial, or home school who desire to enroll in an adult education program shall meet the following requirements:
 (1)(A) Students shall apply for enrollment to the adult education program.
 (B) A student enrolled in a private or parochial school shall provide a letter from the principal or administrator of the private or parochial school to verify enrollment and shall score 8.5 grade level or above on the test for adult basic education or a minimum score of 450 on each section and a minimum composite score of 490 on the General Educational Development Practice Test.
A.C.A. § 6-18-201(c) (Supp. 2003).
In effect, you are asking whether someone in violation of the attendance requirements of subsection (a) may avail themselves of the exception to testing requirements in subsection (b)(2)(B). It would appear that the answer is "yes."
The cardinal rule of statutory construction is to give effect to the intent of the legislature. Shipley, Inc. v. Long, ___ Ark. ___, S.W.3d ___ (Oct. 21, 2004). A court will first look at the plain and ordinary language of the statute in question. Jones v. Double "D" Properties,352 Ark. 39, 46, 98 S.W.3d 405 (2003). When statutes are unambiguous, a court will construe all laws on a similar subject as a single system and attempt to give effect to the entire system. Arkansas County v. DeshaCounty, 342 Ark. 135, 141, 27 S.W.3d 379 (2000). A court, however, will not construe a statute to an absurd end and, if possible, will construe a statute as constitutional. Shipley, Inc., Ark. (Oct. 21, 2004). The legislature is presumed to know the laws in existence when a new law is passed. Otis v. State, 355 Ark. 590, 614, 142 S.W.3d 615 (2004); see also
Op. Att'y Gen. 2004-188.
A.C.A. § 6-18-201(a) sets forth the mandatory attendance requirements. Every child in the State of Arkansas ages five through seventeen, inclusive, is required to be enrolled in a school district, parochial school, private school, or be provided a home school under A.C.A. §§6-15-501 through — 508 (Repl. 1999 Supp. 2003). A.C.A. § 6-18-201(a) (Supp. 2003). One of the exceptions to mandatory attendance is if the child is enrolled in adult education classes. A.C.A. §6-18-201(a)(4)(A). Arkansas Code Annotated § 6-18-201(b) allows a school district to grant a waiver of the compulsory attendance requirements to a student who is enrolled in an adult education program and has made a formal application to the school district and received minimum scores on a prescribed test, among other requirements. A.C.A. § 6-18-201(b)(1) and (2)(A). You ask whether a sixteen or seventeen year old must meet the testing requirement of A.C.A. § 6-18-201(b) to enroll in adult education programs if the student withdrew from school and did not attend any school district for an entire year. The statute states that if the student has not been enrolled in any school district for the past year, the minimum testing requirements do not apply to this application. A.C.A. §6-18-201(b)(2)(B). Your question is whether a truant, absent from school and in violation of A.C.A. § 6-18-201(a), is exempted from the requirement of minimum competence on the referenced exams because he was "not enrolled in any school district during the previous school year." In my opinion, the answer is "yes" under a plain reading of the statute.
There are limited circumstances where someone subject to the compulsory attendance provision would not have been enrolled in a school district for the previous year. Several such reasons include the student may have been enrolled in a private or parochial school, been provided a home school, moved into the state, or, as in your hypothetical, been truant for the entire year. The General Assembly in 2001, however, added the current A.C.A. § 6-18-201(c) specifically addressing students enrolled in private, parochial, or home schools who wish to take adult education classes in subsection (c). See Act 1659 of 2001. Students who have attended a private or parochial school are required to meet the same minimum standards on the tests required of public school students in order to be eligible for participation in an adult education program. Home school students are not subject to the minimum testing standards that are required of students from public, private, and parochial schools. Id. The exception mentioned above, A.C.A. § 6-18-201(b)(2)(B) (originally adopted by virtue of Act 1995, No. 837), therefore no longer applies to students enrolled in parochial, private, or home schools as the General Assembly has now given specific instructions on how these students apply for participation in an adult education program. Before the enactment of Act 1659 of 2001, private, parochial, and home schooled students were not attending a "school district" under the meaning of A.C.A. § 6-18-201(b), and the exemption to the testing requirements in A.C.A. § 6-18-201(b)(2)(B) applied to these students.
To whom then does A.C.A. § 6-18-201(b)(2)(B) continue to apply? This is the question you pose. As indicated above, the subsection could have applicability to students enrolled in out of state schools who then move to the state. The student you describe is subject to the mandatory attendance requirements of the section, wishes to enroll in adult education, and has not been enrolled in a school district for the previous year. On its face, it appears that the statute would not require this student to meet the minimum competency standards set forth in A.C.A. § 6-18-201(b)(2).
As noted above, a court will not interpret a statute to an absurd result. Shipley, Inc., Ark. (Oct. 21, 2004). In this situation, it could be argued that the hypothetical student is gaining a benefit, exception from the minimum competency requirements, by being in violation of A.C.A. § 6-18-201(a). Subsection (a), when read plainly, says that all children ages 5 through 17 shall be enrolled in some form of educational experience, be it a public school, private school, parochial school, home school, or adult educational program. Failure to meet this requirement is subject to the sanction of law. It is simply illegal for a child not to attend a school of some form.[1] It is arguable that gaining a benefit, exemption from the minimum test scores required to pursue an adult education program, under one section of this statute by virtue of being in violation of another section runs counter to the legislative intent of the statute and is an absurd result. I believe that legislative clarification is warranted in this situation.
Assistant Attorney General Joel DiPippa prepared the forgoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] I do not opine on what sanctions for the chronic truancy described in your hypothetical would be appropriate for either the student or the student's guardians. I do note that A.C.A. § 6-18-222 (Repl. 1999) authorizes the prosecuting attorney to file a petition in juvenile court holding the guardians of a truant student liable for a civil penalty. You do not indicate whether this action was taken, or if not, why not.